399 So.2d 112 (1981)
TALLMAN POOLS OF GEORGIA, INC., a Georgia Corporation, Appellant,
v.
Douglas C. WOOD, and Caroline Wood, Appellees.
No. ZZ-26.
District Court of Appeal of Florida, First District.
June 1, 1981.
*113 Carlton R. Reichert, P.A., St. Petersburg, for appellant.
O.E. Adams, Sr., Pensacola, for appellees.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.
Appellant, sued for unliquidated damages, suffered a default judgment for its failure to timely file a responsive pleading after being served through substituted service. Appellant's motion to set aside the default was denied, whereupon the court, without a hearing on the amount of the unliquidated damages and based solely upon the affidavit of one of the appellees, entered a final money judgment for appellees.
Appellant's first point, that the trial court erred in refusing to set aside the default, is without merit. A motion to vacate a default may be granted within the sound discretion of the trial court upon a showing of the existence of a meritorious defense and a legal excuse for failure to comply with the rules. Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967). Appellant's motion to vacate the default did not adequately meet either of these requirements.
Appellant's second point, that the trial court erred in entering final judgment without notifying appellant of a trial or hearing on the question of unliquidated damages, has merit. A party against whom a default has been entered, where the action is one involving unliquidated damages, is entitled to notice of an order setting the matter for trial, and an opportunity to defend. B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). Here the trial court, after denying appellant's motion to vacate the default judgment, immediately and without the matter having been noticed for trial on the issue of unliquidated damages, entered final judgment for appellees based solely upon a previously filed ex parte affidavit of one of the appellees.
The order denying appellant's motion to vacate the default is affirmed. The final judgment for appellees is reversed and this cause remanded to the trial court for trial, after notice, on the issue of appellees' damages.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ERVIN, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.