PER CURIAM.
The trial court’s order under review refusing to set aside a default and default judgment in the amount of $113,036.54 entered against Dillon, when examined in light of the rule that any reasonable doubt should be resolved in favor of allowing the cause to be heard on the merits, see, e.g., North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962), must be reversed as the record before us reveals that Dillon’s neglect in responding to the complaint was excusable, see Venusa Export & Import, Inc. v. Gavico Alamo Aircraft Sales, Inc., 361 So.2d 820 (Fla. 4th DCA 1978); see also Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla.1972), and his proposed defenses to the complaint were indisputably meritorious. Our holding moots Dillon’s equally persuasive contention that notwithstanding the entry of the default, he was entitled to a trial on the issue of damages where the damages sought were clearly an unliquidated amount. See, e.g., Tallman Pools of Georgia, Inc. v. Wood, 399 So.2d 112 (Fla. 1st DCA 1981); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 4th DCA 1980).
Reversed and remanded with directions to vacate the default and default judgment and for further proceedings.