MILLS, Judge.
In these consolidated appeals, Mills seeks reversal of the trial court’s denial of his motion to set aside a default judgment and of a final summary judgment on Lawhon’s creditor’s bill. We affirm in both cases.
Mills was tried, convicted, and sentenced to death for murdering Lesley James La-whon. Thereafter, Shirley Eileen Lawhon, the victim’s widow, filed a wrongful death action against Mills, who was on death row at Florida State Prison when the complaint was served. Mills filed no answer or other responsive pleading within 20 days, and default was subsequently entered. After a nonjury trial on the issue of damages, the trial court entered judgment against Mills in the amount of $800,000.
Lawhon attempted to levy on property owned by Mills in order to satisfy the judgment, but she met with no success. Thereafter, she filed a creditor’s bill under Section 68.05, Florida Statutes (1981), against the estate of Mills’ father, who had recently died, in an attempt to secure any interest which Mills might have in the estate.
Mills then filed a motion to set aside the $800,000 judgment pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. After a hearing, the trial court denied the motion. The following day, the trial court entered final summary judgment in favor of Lawhon on her creditor’s bill.
A motion to set aside a default may be granted upon a showing of excusable neglect and a meritorious defense. Florida Aviation Academy v. Charter Air Center, 449 So.2d 350 (Fla. 1st DCA, 1984); Tallman Pools of Georgia, Inc. v. Wood, 399 So.2d 112 (Fla. 1st DCA 1981). The trial court is vested with broad discretionary power in ruling on a motion to set aside a default, and a gross abuse of that discretion must be shown in order to prevail on appeal. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962). In this case, Mills has fallen far short of the requisite showing.
*1164 His “excusable neglect” in failing to answer the complaint was that he was “going through some changes” at the time the complaint was served. While the precise circumstances constituting excusable neglect are not well defined, Florida Investment Enterprises, Inc. v. Kentucky Company, 160 So.2d 733 (Fla. 1st DCA 1964), we hold that this meager showing is insufficient to constitute excusable neglect.
Mills’ “meritorious defense” is that, in his criminal trial, the State failed to present any direct evidence that he murdered the plaintiffs decedent. We can but assume that the jury which convicted him and recommended that he die in the electric chair would take issue with that statement.
Mills also attempts to argue that the complaint was not properly served. That issue was not raised below and therefore may not be raised now.
Finally, Mills contends that the final summary judgment on the creditor’s bill was erroneous because the claim upon which it was based, the $800,000 final judgment, had not been “reduced to judgment at law” as required by Section 68.05, Florida Statutes (1981). That contention is without merit. Rule 1.540(b), Florida Rules of Civil Procedure, specifically provides that a motion under the subsection “does not affect the finality of a judgment or decree or suspend its operation.” Therefore, the claim upon which Lawhon’s creditor’s bill was based was “reduced to judgment at law” for purposes of Section 68.05 on the day final judgment was entered for $800,000.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.