453 So.2d 402 (1984)
John W. MIKOS, Property Appraiser of Sarasota County, Florida, et al., Petitioners,
v.
SARASOTA CATTLE COMPANY and Charles E. Early, Respondents.
No. 63794.
Supreme Court of Florida.
July 12, 1984.
*403 John C. Dent, Jr. of Dent, Pflugner, Rosin & Hendricks, Sarasota, for petitioners.
Charles E. Early of Early & Early, Sarasota, for respondents.
Wilfred C. Varn, Chairman of the Civil Procedure Rules Committee of The Florida Bar, Tallahassee, for amicus curiae, The Civil Procedure Rules Committee.
BOYD, Chief Justice.
We have for review a decision of a district court of appeal, Sarasota Cattle Co. v. Mikos, 431 So.2d 260 (Fla. 2d DCA 1983), which held that once a plaintiff has given notice that it is ready for trial, the trial judge must enter an order fixing a date for trial and is therefore precluded from dismissing the action for lack of prosecution should the plaintiff fail to take any further action. Since the district court certified that its decision is in conflict with Brennan v. Ryter, 339 So.2d 661 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 944 (Fla. 1977); Palatka Housing Authority v. Betts, 349 So.2d 784 (Fla. 1st DCA 1977); and Allen v. Gaither, 112 So.2d 855 (Fla. 1st DCA 1959), we have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We agree fully with the decision below and therefore approve it.
In this case respondents Sarasota Cattle Company and Charles Early originally filed suit against John Mikos, property appraiser of Sarasota County, and other officials on January 29, 1975. After several years of extensive pretrial litigation, Mikos noticed the case for trial on November 16, 1979.
Respondents filed their own notice of readiness for trial on February 10, 1981. The trial court entered an order on February 18 disposing of two previously filed motions, but failed to enter an order setting a trial date. Neither party took any further action, nor did the court, until over a year later on August 11, 1982, when Mikos filed a motion to dismiss for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). The trial court granted the motion.
On appeal the district court reversed, holding that plaintiffs had no obligation to take any further action once they had filed a notice of trial pursuant to Florida Rule of Civil Procedure 1.440(b). The district court reasoned that since it is the trial court's responsibility to enter an order fixing a date for trial under Rule 1.440(c) once notice for trial is given, the filing of the notice bars the trial court from dismissing the action for lack of prosecution, citing City of Miami v. Dade County, 321 So.2d 140 (Fla. 3d DCA 1975), cert. denied, 334 So.2d 604 (Fla. 1976). See also Yankee Construction Corp. v. Jones-Mahoney Corp., 430 So.2d 973 (Fla. 2d DCA 1983); R & A Trucking, Inc. v. General Host Corp., 399 So.2d 1058 (Fla. 3d DCA 1981); Visuna v. Metropolitan Transit Authority, 353 So.2d 183 (Fla. 3d DCA 1977).
We agree with the decision below in all respects. A trial judge has sole discretion in determining the order in which cases will be tried. Lawyers simply have no power nor duty to determine which cases will be tried at particular times. The rules contemplate that whenever a plaintiff is ready for trial his attorney must notify the court and ask the court to enter an order setting a trial date. It is inappropriate for a trial attorney to pressure a judge into setting a date. We would like to add, however, that if a plaintiff subsequently indicates that he is not ready for trial, then the filing of the notice of trial will not be a bar to a dismissal for lack of prosecution.
The decision of the district court of appeal is approved.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.