460 So.2d 1011 (1984)
GENERAL GUARANTY INSURANCE COMPANY, Appellant,
v.
Louise C. BOLIVAR, Appellee.
No. 84-1761.
District Court of Appeal of Florida, Second District.
December 21, 1984.
Leslie King O'Neal of Markel, McDonough & O'Neal, Orlando, for appellant.
J. Bert Grandoff and Leonard R. Poe of Lawson, McWhirter, Grandoff & Reeves, Tampa, for appellee.
MALONEY, DENNIS P., Associate Judge.
Appellant, General Guaranty Insurance Company, appeals the trial court's order of an involuntary dismissal for failure to prosecute pursuant to rule 1.420(e), Florida Rules of Civil Procedure. We affirm.
In 1973, Commercial Roof Decks of Tampa, Inc. filed suit against Rene Bolivar Construction Co., Inc. and General Guaranty Insurance Co. ("General Guaranty"). General Guaranty filed its third-party complaint and later a first amended third-party complaint, against several third-party defendants. Louise Bolivar, appellee, was not one of the third-party defendants.
In January 1977 Bolivar was brought into this action by being served General Guaranty's second amended third-party plaintiff's complaint. Approximately two weeks later Bolivar filed a motion to dismiss and a motion for more definite statement. These two motions were still pending and Bolivar had not answered the second amended third-party plaintiff's complaint when, more than six years later, on April 21, 1983, General Guaranty served its notice stating that the third-party action was at issue and requested that the same be set for trial. On April 27, 1983, the court sua sponte entered an order of recusal. Nothing further occurred in the case until May 29, 1984, when Bolivar filed a motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(e). Bolivar's motion for involuntary dismissal was granted by the court. This appeal followed.
*1012 General Guaranty argues that Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla. 1984), controls. In Mikos, the Florida Supreme Court affirmed this court's holding that once a plaintiff has given notice that it is ready for trial, the trial court must enter an order setting a trial date and is therefore precluded from dismissing an action for lack of prosecution. There is a critical distinction, however, between Mikos and the case at bar. In Mikos, the action was at issue, both parties had filed notices for trial and, thus, notices for trial were proper. Here, as conceded by General Guaranty, the action was not at issue when the notice for trial was filed and therefore General Guaranty's notice for trial was improperly filed. This court in Sarasota Cattle Co. v. Mikos recognized this distinction:
Rule 1.440(c) states that, "[i]f the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial." We hold that the rule requires the trial court to set a cause for trial once notice is given if, in fact, it is ready for trial.

431 So.2d 260, 261 (Fla. 2d DCA 1983) (emphasis added). See Balboa Insurance Co. v. Shores of Madiera, Inc., 457 So.2d 596 (Fla. 2d DCA 1984).
Thus, notwithstanding the Mikos holding, we conclude that upon receiving a notice for trial, the trial judge may review the case file and if he finds that the case is not at issue he is not required to set the case for trial and an otherwise proper motion for involuntary dismissal should be granted.
AFFIRMED.
SCHEB, A.C.J., and CAMPBELL, J., concur.