483 So.2d 836 (1986)
Vera KUBERA and Jerry Kubera, Husband and Wife, Appellants,
v.
Wayne FISHER and Tam-Bay Realty, Inc., a Florida Corporation, Appellees.
No. 85-1040.
District Court of Appeal of Florida, Second District.
February 26, 1986.
*837 Ray Graham, Sarasota, for appellants.
Howard L. Killian, Tampa, for appellees.
PER CURIAM.
Appellants, Vera and Jerry Kubera, plaintiffs in an action for damages, seek review of a final order dismissing their case for failure to prosecute. We reverse.
On May 10, 1983, the plaintiffs filed their complaint against appellee, Tam-Bay Realty, Inc., and Wayne Fisher, a co-defendant who is not a party to this appeal. The defendant, Tam-Bay Realty, Inc., filed its answer to the first and second counts of the complaint on June 28, 1983, and to the third count as amended on November 17, 1983. On December 12, 1983, the defendant filed a request for production of documents and served written interrogatories upon the plaintiffs.
The plaintiffs filed a notice for trial on February 6, 1985. On February 12, 1985, the defendant filed a motion to dismiss for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). Seven days later, the plaintiffs filed a stipulation of nonreadiness for trial on the basis that the defendant wished to make further discovery prior to setting the case for trial. The plaintiffs did not answer the interrogatories until February 9, 1985, and failed to respond to the request for production until April 8, 1985. The trial court granted the defendant's motion to dismiss, and the plaintiff timely filed a notice of appeal.
*838 The plaintiffs contend that the court erred in dismissing their case for failure to prosecute because a notice for trial had been filed. We agree.
Where it appears on the face of the record that no activity has occurred for a period of one year, such as the filing of pleadings or order of court, the action shall be dismissed by the court on its own motion or on the motion of any interested person. Fla.R.Civ.P. 1.420(e). This rule is not self-executing; it requires action by the court or the filing of a motion to dismiss, and such action must be undertaken before there is any further prosecution of the cause. Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981). Although more than a year had lapsed in this case between the last record activity, i.e., the answer filed on November 17, 1983, and the notice for trial, the motion to dismiss for failure to prosecute was not filed until after the notice for trial had been filed. The filing of a notice for trial, when proper, constitutes record activity sufficient to preclude a dismissal for failure to prosecute. Yankee Construction Corp. v. Jones-Mahoney Corp., 430 So.2d 973 (Fla. 2d DCA 1983).
A notice for trial is properly filed when the action is ready for trial. Sarasota Cattle Co. v. Mikos, 431 So.2d 260 (Fla. 2d DCA 1983), aff'd., 453 So.2d 402 (Fla. 1984). An action is ready for trial, or is "at issue," after any motions directed to the last pleading have been disposed of, or, if no motions have been served, twenty days after service of the last pleading. Fla.R. Civ.P. 1.440(a). In the instant case, the last pleading, i.e., the defendant's answer and defenses to the third count of the plaintiffs' amended complaint, was filed on November 17, 1983. There were no motions directed to that pleading. The case, therefore, was ready for trial twenty days after that pleading was filed, and the notice for trial was record activity sufficient to preclude dismissal for failure to prosecute.
The defendant argues that the plaintiffs' failure to respond to the interrogatories and to the request for production precluded the action from being ready for trial. We disagree. Rule 1.440(a) focuses upon completion of the pleading process; completion of the discovery process is irrelevant. The remedies for failure of a party to comply with discovery requirements are found in Florida Rule of Civil Procedure 1.380.
The defendant also argues that the stipulation filed by the plaintiffs subsequent to their filing the notice for trial voided the effectiveness of the notice for trial. We acknowledge that a notice for trial is not viable when a trial date has been set and subsequently continued on the basis of the plaintiff's lack of readiness for trial. Govayra v. Straubel, 466 So.2d 1065 (Fla. 1985); Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla. 1984). This action, however, was not continued on the basis of the plaintiffs' lack of readiness for trial; it was continued for the purpose of accommodating the defendant's request for further discovery.
The defendant's reliance on General Guaranty Insurance Co. v. Bolivar, 460 So.2d 1011 (Fla. 2d DCA 1984), is misplaced. In General Guaranty, we found that the case was not "at issue," or ready for trial, because motions were still pending and an amended third party complaint had not been answered. The notice for trial therefore had been improperly filed.
We hold that because the instant case was ready for trial at the time the plaintiffs filed their notice for trial, the notice for trial was record activity sufficient to defeat the defendant's motion for failure to prosecute. We, therefore, reverse the trial court's order of dismissal and remand for proceedings consistent herewith.
Reversed and remanded.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.