492 So.2d 724 (1986)
Rodger H. BENNETT, Appellant,
v.
CONTINENTAL CHEMICALS, INC., Appellee.
No. BI-402.
District Court of Appeal of Florida, First District.
July 22, 1986.
*725 Cecil G. Costin, Jr., Port St. Joe, for appellant.
Donald J. Banks, Panama City, for appellee.
Before BOOTH, C.J., and MILLS, ERVIN, SMITH, SHIVERS, WENTWORTH, JOANOS, THOMPSON, WIGGINTON, NIMMONS, ZEHMER and BARFIELD, JJ.

EN BANC OPINION
WIGGINTON, Judge.
This cause is before us on appeal from a final judgment granting a permanent injunction, and from the order denying a motion for rehearing of that judgment. The issue concerns the application of rule 1.440, Florida Rules of Civil Procedure, and questions whether the trial court erred in holding a final hearing on appellee's complaint for injunctive relief when there were motions pending at the time of the final hearing. Appellant raises a corollary issue as to whether it was reversible error for the trial court to fail to enter an order for trial as required by the rule. We agree with appellant's contention and reverse.
The chronology of events pertinent to the issues raised is as follows:
February 21, 1985: Appellee files its complaint for temporary and permanent injunctions.
March 8, 1985: Appellant files his motion to dismiss the complaint; hearing held on appellee's complaint for temporary injunction.
March 13, 1985: Temporary injunction granted.
April 18, 1985: Appellee serves Notice of Hearing on its complaint for permanent injunction; hearing scheduled for June 4, 1985.
April 26, 1985: Appellant files motion to dissolve temporary injunction along with answer, counterclaim and cross-claim.
May 30, 1985: Appellee serves motion to dismiss counterclaim and cross-claim.
June 4, 1985: Hearing is held on appellee's complaint for injunction in appellant's absence.

*726 June 13, 1985: Trial court grants the permanent injunction.
Appellant takes the position that since there were motions pending at the time appellee served the notice of final hearing and at the time the final hearing was held, the cause was not at issue as contemplated by rule 1.440. Appellant also maintains that at the time appellee served its notice of final hearing, there was no issue to be tried as appellant had not yet filed his answer and appellee had failed to challenge that delinquency by applying for a default under rule 1.500(b) and (c). Finally, appellant argues that the case had not been properly set for trial by the court as required by rule 1.440(c).
On the other hand, appellee first maintains that the trial court denied appellant's March 8 motion to dismiss the complaint at the hearing held on that same date, thus eliminating any pending motion at the time the notice of hearing was served. Appellee also points to the fact that it filed its notice well beyond twenty days from the last motion directed to the last pleading served (the March 8 motion), and argues that appellant had ample opportunity to file a motion before the notice. Primarily, appellee notes that appellant did not object when the hearing date was cleared with his office or move to strike the notice from the court's calendar, citing Allstate Insurance Company v. Gillespie, 455 So.2d 617 (Fla. 2d DCA 1984), and Davis v. Hagin, 330 So.2d 42 (Fla. 1st DCA 1976). Appellee maintains that appellant had ample notice of the hearing, and adds the injunction issue was ripe, with none of the pending motions being directed to the complaint.
Initially, we note that despite appellee's representations to the contrary, the record contains no indication of the trial court's denial of appellant's March 8 motion to dismiss. Whether that denial exists or not, however, is really not vital to our disposition of this appeal. We resolve the issues presented by concentrating solely on what occurred following the service of the notice.
"A notice for trial is properly filed when the action is ready for trial." Kubera v. Fisher, 483 So.2d 836 (Fla. 2d DCA 1986). Rule 1.440 is very clear as to when the action is ready for trial, or is "at issue." Leaving little room for improvisation it provides:
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading. The party entitled to serve motions directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served. The existence of cross-claims among the parties shall not prevent the court from setting the action for trial on the issues raised by the complaint, answer and any answer to a counterclaim.

(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required, whether the trial is to be by a jury or not and whether the trial is on the original action or a subsequent proceeding. The clerk shall then submit the notice and the case file to the court.
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice specified in subdivision (b). By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).
(d) Applicability. This rule does not apply to actions to which Chapter 51, Florida Statutes 1967 applies.
[Emphasis added].
In the instant case, although appellants served the notice of hearing following the alleged disposition of the motion to *727 dismiss directed to the last pleading, no answer had yet been filed crystallizing the issues, thus making the notice premature.[1] That observation aside, appellant did eventually file an answer and counterclaim, and following that action, motions were filed directed to those pleadings. Since rule 1.440(a) exempts only cross-claims from the determination of when an action is at issue, we disagree with appellee's argument which would have us sever the motions directed to the counterclaim from the answer. Consequently, at the time of the hearing, there were pending at least appellant's motion to dissolve the temporary injunction, if not his original motion to dismiss the complaint, as well as appellee's motion to dismiss the counterclaim. With those motions pending, we hold that the action was not at issue as contemplated by rule 1.440(a).
Furthermore, there is no order of record entered by the trial court fixing a date for trial as required by rule 1.440(c). In Padgett v. First Federal Savings & Loan Association of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979), we disapproved the local procedure of parties scheduling nonjury matters simply by having the trial date and time reserved on the judge's calendar, followed by notice furnished by counsel to the opposing parties or their counsel. Although we found no reversible error occurred in connection with the giving of notice of trial without formal order of the court, since the protesting party did not show prejudice "directly attributable to these alleged technical violations," we were nonetheless of the opinion that "the only safe procedure to follow is to strictly comply with the requirements of Rule 1.440, Florida Rules of Civil Procedure, which provides for an order for trial to be signed by the trial judge." 378 So.2d at 66. See also Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984). Following serious reconsideration of our initial stance in Padgett of according "fairly wide latitude" to the local courts in their handling of the cumbersome task of daily scheduling and noticing of trial and other proceedings, we are now prepared to recede from our position in Padgett and hold, in the interest of promoting uniformity and upholding the requirements of due process, that strict compliance with rule 1.440 is mandatory. In so holding, we again, as we did in Padgett, refer to the following excerpt from Trawick's Florida Practice and Procedure, 1980 Edition section 22-2, which succinctly encapsulates the basis for our decision today:
Nonjury actions are usually set when the attorney obtains time for it on the judge's calendar and prepares and serves an order for trial. The judge must sign the order.
The requirement of notice is mandatory... . The procedure for setting actions for trial is simple, but many attorneys are careless about it. They serve a notice for trial prematurely. This requires a motion to strike the notice or an informal request to the court to remove the action from the calendar. There is no excuse for failing to follow the rule. Some judges are equally careless about requiring an order setting the action for trial. Apparently they believe the rule is directory, rather than mandatory. Such is not the case. The Rules Committee on two occasions asked the Supreme court to make the rule directory in nonjury actions so that a notice of trial could be served by the attorneys. The court refused to do so, saying from the bench that trial courts should take charge of their calendars and administer them rather than permitting the attorneys to do so.
[Footnotes omitted].
We take note of Judge Zehmer's dissent in Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984), wherein he stated:
Rule 1.440, Florida Rules of Civil Procedure, is absolutely unambiguous in its requirement that the setting of trial shall *728 be done by order of the court properly served on the defendants. That rule contains no authority for setting trial without prior notice to opposing counsel at least thirty days prior to the trial date. The rule does not sanction the setting of trial by an opposing party through mere service of a notice in fewer than thirty days. The opinion in Padgett v. First Federal Savings & Loan Assn. of Santa Rosa County, 378 So.2d 58 (Fla. 1st DCA 1979), should not be read as blanket authorization for departure from this fundamental requirement of the rule based upon explicit or tacit recognition of local custom and practice. Only the Supreme Court of Florida has the power to authorize trial courts to adopt and follow procedural rules that differ from the clear requirements of the civil rules promulgated by that court.
At 832.
Recent opinions of the Florida Supreme Court seem further to mandate this result. As a side issue in Mikos v. Sarasota Cattle Co., 453 So.2d 402, 403 (Fla. 1984), Chief Justice Boyd, joined by a unanimous court, found occasion to comment that "the [Florida] rules [1.440] contemplate that whenever a plaintiff is ready for trial his attorney must notify the court and ask the court to enter an order setting a trial date."
Neither are we unmindful of the amendments to rule 2.050, Rules of Judicial Administration, now mandated by our Supreme Court that speak directly to improving case management at all levels of the judiciary and for the trial courts to take charge and better control the cases, their calendars and develop "rational and effective trial setting policies."
In our concluding that failure to conform with rule 1.440 is reversible error and by heeding the Mikos observation, we are adopting the bright line approach so as to avoid appeals, such as this, that would not or should not have materialized if the rule had been strictly observed. We recognize that this requirement may be abused in isolated cases by attorney gamesmanship; however, the fundamental error will have been committed by the moving attorney's failure to review the court file and follow the mandatory dictates of the rule.
We note that appellant did not make an effort to strike the notice or request the court to remove the action from the calendar, tempting us to affirm under Allstate Insurance Company v. Gillespie as urged by appellee. However, because of our desire to accommodate better the requirements of contemporary law practice and court utilization, as well as to breathe lasting vitality into rule 1.440, we will not be so enticed. Accordingly, we reverse the judgment granting the permanent injunction and the order denying rehearing, and remand for further proceedings consistent with this opinion.
BOOTH, C.J., and MILLS, ERVIN, SMITH, SHIVERS, THOMPSON, ZEHMER, and BARFIELD, JJ., concur.
NIMMONS, J., dissents with an opinion in which WENTWORTH and JOANOS, JJ., concur.
NIMMONS, Judge, dissenting.
If I read the majority's opinion correctly, a defendant who has received notice of final hearing in a non-jury case will now be able to sit back, raise no objection to the plaintiff's failure to comply with Fla.R. Civ.P. 1.440, fail to attend the final hearing and then appeal a judgment entered pursuant to that final hearing. I fear that the majority's willingness, via its newly-announced bright line approach, to carte blanche excuse the defendant from the usual requirement of asserting, by appropriate objection, his rights under a rule of procedure is an unnecessary overreaction to the problem stated by the majority's opinion and will foster more problems and injustices than it purports to resolve.
It seems to me that the majority's bright line approach may even arguably be read to entitle post-judgment relief to a defendant who has not only failed to raise an objection to the procedural violations of Rule 1.440 but who has fully participated in the final hearing. Such a result would *729 indeed be exalting form over substance and I cannot believe that the majority intends such a construction of its opinion.
I would hold that a defendant who receives from opposing counsel a notice that the final hearing has been scheduled for a certain date and time will be required to assert his Rule 1.440 rights by raising an appropriate objection before the trial court. Absent such objection, the defendant should not be heard to complain.
Perhaps a partial answer to the apparent widespread practice of ignoring the provisions of Rule 1.440 would be to amend the Rules of Civil Procedure so as to entitle a party to costs and attorney's fees where his attorney has had to vindicate his client's rights under that Rule.
I would affirm.
NOTES
[1] "An answer must be served by or a default entered against all defending parties before the action is at issue." [footnote omitted]. See Trawick's Florida Practice and Procedure, 1980 Edition section 22-2, citing to Davis v. Davis, 123 So.2d 377 (Fla. 1st DCA 1960).