491 So.2d 337 (1986)
Aleida ALECH, Appellant,
v.
GENERAL INSURANCE COMPANY, Appellee.
No. 85-2513.
District Court of Appeal of Florida, Third District.
July 22, 1986.
Powers & Moran and Vivian Moran, Miami, for appellant.
Magill & Lewis and R. Fred Lewis, Miami, for appellee.
Before HUBBART and BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The final order dismissing the plaintiff Aleida Alech's action below for lack of prosecution under Fla.R.Civ.P. 1.420(e) is affirmed. We reach this result based on the following briefly stated legal analysis.
First, there was, without dispute, no record activity for more than one year prior to the filing of the trial court's sua sponte motion to dismiss for lack of prosecution, other than a motion for trial filed by the plaintiff Aleida Alech on June 1, 1984. Second, absent this pleading, the trial court was otherwise required to dismiss this action for lack of prosecution under Fla.R.Civ.P. 1.420(e). Third, at the time the aforesaid motion for trial was filed, there was an undisposed-of defense motion to strike the plaintiff's punitive damages claim [and paragraphs 25, 27, and 28 of the complaint] contained in the defendant's answer, and, accordingly, the case was not at issue. See Leeds v. C.C. Chemical Corp., 280 So.2d 718, 719 (Fla. 3d DCA 1973) ("The determinative question is whether a cause is at issue where, with the last responsive pleading required under the rules, there also is simultaneously filed a motion to strike all or part of the pleading to which such responsive pleading is directed. Upon resolving the arguments of the parties relating thereto, we hold that the cause *338 is not at issue while such motions directed to pleadings remain undisposed of. In holding to the contrary the trial court was incorrect."). Fourth, a notice of or motion for trial filed at a time when the case is not at issue, as here, is a nullity and does not constitute proper record activity sufficient to defeat an otherwise valid motion to dismiss for lack of prosecution under Fla.R. Civ.P. 1.420(e). General Guaranty Insurance Co. v. Bolivar, 460 So.2d 1011, 1012 (Fla. 2d DCA 1984), distinguishing Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla. 1984).
Affirmed.