LEHAN, Judge.
We affirm the trial court’s denial of defendants’ motion to dismiss for lack of prosecution. See Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla.1984); Fox v. Playa Del Sol Assoc., 446 So.2d 126 (Fla. 4th DCA 1983). We do not conclude that this case having been at issue only on count III of the complaint at the time the notice for trial on that count was filed (which was the count requesting the injunctive relief now being appealed from) means that the notice for trial was insufficient under General Guaranty Insurance Co. v. Bolivar, 460 So.2d 1011 (Fla. 2d DCA 1984), to constitute activity which precludes dismissal for lack of prosecution. At the time of the filing of the notice for trial plaintiffs had also filed with the trial court a motion for guidance asking for a ruling on defendants’ then pending motion to dismiss the remaining counts, which the trial judge had taken under advisement.
We also affirm the final judgment enjoining defendants’ erection of a fence across an easement. Contrary to defendants’ argument, the language of the document creating the easement establishes that the easement was to exclude third parties, was to be jointly shared by its grantor and grantee and their respective successors and assigns, and was not to be exclusive to any of them vis-a-vis any others of them. Plaintiffs and defendants are those successors and assignees. See Stephens v. Dobbins, 511 So.2d 652, 653 (Fla. 2d DCA 1987) (“[A]n easement must be *1146 construed as creating a nonexclusive easement unless the instrument clearly shows an intention that the easement is to be exclusive.”).
Affirmed.
SCHOONOVER, A.C.J., and FRANK, J., concur.