539 So.2d 1192 (1989)
GLOBE LIFE & ACCIDENT INSURANCE COMPANY and Walker Cutts, Petitioners,
v.
PREFERRED RISK MUTUAL INSURANCE COMPANY, Respondent.
No. 88-2838.
District Court of Appeal of Florida, First District.
March 23, 1989.
Everett P. Anderson, Tallahassee, for petitioners.
No Appearance for respondent.
ERVIN, Judge.
Petitioners seek a writ of common law certiorari from an order of the circuit *1193 court, sitting in its appellate capacity, which affirmed a garnishment judgment entered by the county court. The petition asks whether the court's action in setting the case for trial, contrary to the provisions of Florida Rule of Civil Procedure 1.440, constituted a violation of a clearly established principle of law, resulting in a miscarriage of justice, thereby requiring issuance of the writ. For the reasons set out infra, we hold that it did, and grant the writ requested.
Respondent, Preferred Risk, a judgment creditor, secured a writ of garnishment in county court against petitioners, the judgment debtor, Walter Cutts, and the garnishee, Globe Life. Preferred Risk, however, failed to serve a notice that the action was at issue and ready to be set for trial, as required by Rule 1.440. Although Preferred Risk filed a motion for garnishment hearing, the motion, in our judgment, did not serve as a substitute for the notice required by Rule 1.440(b), providing, inter alia, that the notice "shall include an estimate of the time required, whether the trial is to be by a jury or not and whether the trial is on the original action or a subsequent proceeding." The most critical omission from the motion, however, was any statement that the action was at issue and ready for trial. While the county court later struck the notice of hearing on the motion for garnishment as "insufficient," it nonetheless reset the hearing thereon for a later date. Globe Life thereupon filed a motion for reconsideration of that order, contending, among other things, that the order did not comply with the requirements of Rule 1.440.
It does not appear from our review of the proceedings that the motion for reconsideration was ever acted on by the court on or before the date of trial.[1] The trial court's failure to comply with the rule and its decision to proceed to trial was, under the circumstances, a departure from the essential requirements of the law. Moreover, this is not a case in which a party has waived the requirements of the rule by fully participating in trial, without ever raising any objection to a party's failure to comply with the rule. Cf. Parrish v. Dougherty, 505 So.2d 646 (Fla. 1st DCA 1987). To the contrary, petitioners consistently challenged respondent's position that the case was at issue. This court's opinion in Bennett v. Continental Chems., Inc., 492 So.2d 724 (Fla. 1st DCA 1986) (en banc), clearly states that an action is not at issue, as contemplated by the rule, if pretrial motions are pending. Globe Life's motion for reconsideration should, at the very minimum, have been ruled upon prior to the time trial was held. There is no written order in the record indicating the motion's denial or the reasons therefor.
Petitioners also alleged that discovery was incomplete at the time of the hearing. However, the fact that discovery was not completed when the motion for garnishment hearing was filed is not determinative. It has been held that Rule 1.440(a) focuses upon completion of the pleading process; completion of the discovery process is irrelevant. Kubera v. Fisher, 483 So.2d 836, 838 (Fla. 2d DCA 1986).
The standard for determining whether a writ of certiorari should issue is whether there has been "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983). The first part of this two-prong test  a violation of a clearly established principle of law  has been satisfied. The rule in Bennett requiring "strict compliance with rule 1.440,"[2] was not honored, because the case simply was not at issue: a pretrial motion was pending at the time the county court set the case for trial.
The second part of the Combs test requires that the violation result in a miscarriage of justice. The record at bar discloses that petitioners' request for jury trial *1194 was denied by the trial court, despite the fact that Section 77.08, Florida Statutes (1987), permits a jury trial on the demand of either party. See also Article I, Section 22, Florida Constitution, providing that "[t]he right of trial by jury shall be secure to all and remain inviolate." We therefore conclude that the denial of petitioners' request for a jury trial constitutes a miscarriage of justice, as required by Combs.
The writ of certiorari is granted and the case is remanded with directions for the lower court to vacate its judgment and conduct additional consistent proceedings.
NIMMONS, J., concurs.
SMITH, C.J., specially concurring with opinion.
SMITH, Chief Judge, specially concurring.
I concur in the result reached by the majority, based upon the trial court's failure to require strict compliance with Rule 1.440(b), as the rule is interpreted in our prior decision, Bennett v. Continental Chems., Inc., 492 So.2d 724 (Fla. 1st DCA 1986). As to that portion of the majority opinion which states that petitioner Globe Life's motion for reconsideration of order setting the case for trial was never acted upon by the court, I note that the Final Judgment of Garnishment specifically recites consideration, and denial, of that motion. The motion for reconsideration, served (and presumably filed on December 4, 1987), sought reconsideration of an order entered on December 1, 1987, setting the case for trial on December 10, 1987. The motion for reconsideration was not noticed for hearing prior to trial, and there is no showing that any effort was made to obtain a ruling on it prior to the trial date. The only fair inference from the record is that the motion for reconsideration was disposed of by the trial court at the earliest time it was brought to the court's attention, which was on the date of trial. The issue before this court is whether the case was set for trial in accordance with the rule. Since, as the majority has pointed out, it was not, the timing of the trial court's disposition of the motion for reconsideration of the order setting the trial date would seem to be immaterial.
NOTES
[1] Judge Smith's concurring opinion may be correct in its assumption that the trial court acted on the motion on the date of the trial. Whether the court did so is not, however, apparent from the limited record before us.
[2] 492 So.2d at 727.