562 So.2d 752 (1990)
Daniel BROWN, Jr., Deceased, Appellant,
v.
U.S. SUGAR CORPORATION and Gallagher Bassett Services, Appellees.
No. 89-02484.
District Court of Appeal of Florida, First District.
May 14, 1990.
Rehearing Denied July 3, 1990.
*753 Renee R. Pelzman of Pelzman & Ruska, Coral Gables, for appellant.
Thomas Hodas of Law Office of Michael A. Edwards, West Palm Beach, for appellees.
BOOTH, Judge.
This cause is before us on appeal from a final order dismissing a workers' compensation claim for lack of prosecution. On appeal, appellant contends that the judge of compensation claims abused his discretion by dismissing the action where (1) the timely application for hearing was never acted upon through no fault of claimant, and (2) where there was sufficient record activity to defeat a motion to dismiss for failure to prosecute.
Claimant was killed in the course and scope of his employment on March 27, 1985, when a tractor overturned, pinning him beneath it. The employer and carrier (E/C) paid certain medical and funeral expenses. The notice of injury stated that claimant had no surviving dependents. However, on December 3, 1985, attorney John Abramson filed a claim for dependency benefits on behalf of three minor children, allegedly dependents of claimant. On May 10, 1986, Mr. Abramson filed an application for hearing with the Division of Workers' Compensation (the Division).
The judge of compensation claims subsequently returned the case file to the Division offices in Tallahassee on September 12, 1986, with the notation "parties having advised hearing not necessary at this time." The circumstances concerning this do not appear of record, and both parties denied having made any statement to anyone that a hearing was not necessary. Mr. Abramson wrote to the adjuster on November 23, 1988, reacknowledging his intention to pursue this claim.
On March 9, 1989, Abramson took a deposition which was incorrectly noticed in the workers' compensation case. The E/C subsequently filed a motion to dismiss for failure to prosecute pursuant to Florida Workers' Compensation Rule of Procedure 4.110(b). The judge initially denied the motion but granted an evidentiary hearing on the E/C's motion for reconsideration. On August 15, 1989, the judge granted the E/C's motion to dismiss based on a finding of no record activity.
We reverse based on Mikos v. Sarasota Cattle Company, 453 So.2d 402 (Fla. 1984), wherein the Supreme Court held that when a plaintiff has given notice that he is ready for trial, the trial judge must fix a date for trial, and is therefore precluded from dismissing the action for lack of prosecution should the plaintiff fail to take any further action. Mikos held that the judge has the sole discretion to determine the order in which cases will be tried, and that the rule contemplates the attorney notifying the court that he is ready for trial. Thereafter, it is the court's duty to set the date. Filing a notice for trial, therefore, bars dismissal for lack of prosecution.
The Florida Supreme Court in Fishe & Kleeman, Inc. v. Aquarius Condominium Association, Inc., 524 So.2d 1012 (Fla. 1988), stated an exception to the Mikos rule: when a party has requested a continuance after filing notice of readiness for trial, the prior notice for trial will not operate to bar dismissal for lack of prosecution. The court held (524 So.2d at 1014):
The situation recognized in Mikos in which the filing of a notice of trial bars a dismissal for failure to prosecute occurs when the trial court never sets the cause for trial in response to the notice of trial... .
The Court also recognized, however, that there are situations when the filing of the notice of trial will not be a bar to a dismissal for lack of prosecution. The specific situation noted in Mikos is that when a case is set for trial and then the case is continued because the plaintiff subsequently indicates he is not ready for trial, the original notice of trial will not preclude a dismissal for lack of prosecution after the continuance... .
... We agree instead with the Second District Court of Appeal and the district court below that a notice of trial does not carry over beyond the setting of a trial date and a subsequent order of continuance *754 and that if the case is continued, "the litigants have an obligation to re-notice the case for trial or at least initiate some action to alert the Court that the case needs to be reset." [emphasis in original; citation and footnotes omitted]
In the instant case, there has been no continuance. Nothing in the record indicates that the judge ever set the case for trial, that the parties agreed a hearing was unnecessary, or that the judge ever informed the parties that the case file was returned to the Division.
We hold the principles of the Mikos and Fishe & Kleeman cases relating to Florida Rule of Civil Procedure 1.420(e) are also applicable here to Florida Workers' Compensation Rule of Procedure 4.110. As the historical note to Rule 4.110 indicates, that rule was amended to make it consistent with Florida Rule of Civil Procedure 1.420(e). Based on Mikos, claimant's notice of readiness for trial barred dismissal of the action for lack of prosecution.
Accordingly, the judge of compensation claims' order is REVERSED and REMANDED for further proceedings.
MINER, J., and THOMPSON, FORD L. (Ret.) Associate Judge, concur.