569 So.2d 936 (1990)
CITRUS CENTRAL and Professional Administrators, Inc., Appellants,
v.
Robert GARDNER, Appellee.
No. 90-493.
District Court of Appeal of Florida, First District.
November 16, 1990.
Theodore N. Goldstein and Richard H. Weisberg, of Rissman, Weisberg, Barrett & Hurt, Orlando, for appellants.
Steven M. Meyers, of Meyers & Mooney, Orlando, for appellee.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which claimant was awarded various benefits after employer/carrier's motion to dismiss was denied. We find that the motion, based upon an alleged failure to prosecute, was properly denied since the outstanding claim was pending upon claimant's request for a hearing. We therefore affirm the order appealed.
Claimant was found to have sustained a compensable accident and injury, and awarded temporary disability and medical benefits by a 1984 order. In April 1987 a claim for additional benefits was filed together with an application for hearing. In June 1988 employer/carrier filed a motion to dismiss based upon a lack of prosecution, asserting that "no significant activity" had taken place in more than a year. A hearing was held and the motion to dismiss was denied. Employer/carrier appealed this order, and because the hearing had not been transcribed and the parties and judge could not agree upon a statement of the evidence the order was reversed and the matter remanded for a hearing de novo. See Citrus Central v. Gardner, 543 So.2d 440 (Fla. 1st DCA 1989). At this hearing de novo the judge indicated that the motion to dismiss would be considered upon argument of counsel as at the prior hearing, and employer/carrier were not allowed to present the testimony of a new witness. Although this has not been *937 presented as an issue in the present appeal, we note that a hearing de novo may encompass the presentation of new and additional evidence, by which the matter might be determined as if it had not been previously addressed. See 2 Am.Jur.2d Administrative Law, sec. 698; cf., Carnegie v. Department of Public Safety, 60 So.2d 728 (Fla. 1952).
At the hearing on remand the judge determined that the claim had been pending for over a year, but had been filed with an application for hearing. While under Florida Workers' Compensation Rule of Procedure 4.110(b) a claim is subject to dismissal for lack of prosecution when it "affirmatively appears that no action has been taken ... for a period of one year," this rule does not require dismissal of a claim upon the judge's delay in setting the matter for hearing after an application for hearing has been filed. See Brown v. U.S. Sugar Corp., 562 So.2d 752 (Fla. 1st DCA 1990). As in Brown, there is no indication in the present case that the delay was attributable to any subsequent action by claimant. It thus remained the judge's duty to set the matter for a hearing upon claimant's application, and the judge properly concluded that his failure to do so does not constitute a lack of prosecution by claimant. The judge therefore correctly denied employer/carrier's motion to dismiss.
The order appealed is affirmed.
JOANOS and ALLEN, JJ., concur.