. FARMER, Judge,
specially concurring.
Petitioner seeks certiorari review of an order denying her motion to dismiss for lack of prosecution. Her petition shows that in August 1989 respondent served a notice for trial which was stricken by the trial court, apparently because certain named but unserved defendants had not *924 responded to the complaint.[1] Again in August 1990 respondent served another notice for trial with the same result.
In Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla.1984), the court held that the service of a notice for trial is sufficient record activity to preclude a dismissal for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). There is some sentiment for the proposition that an improper notice for trial — where the case is not yet at issue — will not preclude a rule 1.420(e) dismissal. Alech v. General Insurance Company, 491 So.2d 337 (Fla. 3rd DCA 1986).
I agree that we cannot address that issue on the present petition. Because the case appears to have been at issue against petitioner, who was served and has filed an answer and affirmative defenses to the second amended complaint, I do not believe that the notice was improper or should have been stricken. It thus follows that the trial court properly denied the rule 1.420(e) motion and there is no error to review by certiorari.
That simply means that we are precluded from addressing petitioner’s primary argument — that orders denying dismissal for failure to prosecute should be reviewed by common law certiorari. While she makes a compelling showing that a refusal to grant such review can lead to abuses and that the system might be better served by extraordinary review of such orders, that issue will have to await consideration, if at all, in a case where there is something to be gained by taking up the question.
In this case, I agree that the petition should be denied.

. The action below was begun before the adoption of subdivision (j) to Florida Rule Civil Procedure 1.070, requiring service of initial process within 120 days of filing the initial pleading. Although this new feature was not, strictly speaking, applicable to this case, I cannot help wondering why the trial judge has not set a deadline for service on the other named defendants, failing which they would be dismissed, thus allowing trial to proceed against petitioner only. She could then tackle the question whether their presence is indispensable for trial against her.