PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of a final order dismissing the action for lack of prosecution, pursuant to Florida Rule of Civil Procedure 1.420(e). Appellant first argues that the dismissal was erroneous because it had filed two notices for trial, neither of which was acted on by the trial court. As a general rule, “once a plaintiff has given notice that it is ready for trial, the trial judge must enter an order fixing a date for trial and is therefore precluded from dismissing the action for lack of prosecution should the plaintiff fail to take any further action.” Mikos v. Sarasota Cattle Co., 453 So.2d 402, 403 (Fla.1984). However, this general rule is of no help to appellant. The first notice for trial was filed while a motion previously filed by appellant to strike affirmative defenses remained outstanding and unruled on. Accordingly, the action was not at issue, and the notice for trial was a nullity. E.g., Alech v. General Ins. Co., 491 So.2d 337 (Fla. 3d DCA 1986). The second notice for trial was not filed until after the motion to dismiss for lack of prosecution had been filed. Accordingly, it cannot serve to defeat that motion. E.g., Government Employees Ins. Co. v. Wheelus, 382 So.2d 124 (Fla. 5th DCA 1980).
We are, nevertheless, constrained to reverse and remand for a new hearing on the motion to dismiss. The hearing on the motion to dismiss was rescheduled from July 12, 1994, to June 28,1994. Appellant claims that it did not receive timely notice of this change in the date of the hearing and that, as a result, it was deprived of the opportunity to “show[ ] good cause in writing at least 5 days before the hearing on the motion why the action should remain pending,” to its detriment. There is nothing in the record which refutes this claim. On remand, the trial court shall set a hearing on the motion to dismiss for lack of prosecution, affording appellant sufficient notice to permit it to submit a written showing of “good cause ... why the action should remain pending,” as contemplated by rule 1.420(e).
REVERSED and REMANDED, with directions.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.