721 So.2d 781 (1998)
Ida Thames PIERCE and John E. Soles, Appellant,
v.
Deborah ANGLIN, Appellees.
No. 97-4458.
District Court of Appeal of Florida, First District.
December 4, 1998.
Stephen F. Bolton and James A. McGhee of Moore, Hill, Westmoreland, Hook & Bolton, P.A., Pensacola, for Appellant.
Charles M. Daniels of Baker, Duke & Holman, P.A., Pensacola, for Appellees.
PER CURIAM.
This cause is before us for review of a final judgment awarding damages to appellee for personal injuries she sustained when a passenger *782 in a motor vehicle accident. The motor vehicle was driven by appellant John E. Soles, and owned by appellant Ida Thames Pierce. We reverse.
The record reflects that appellants failed to answer the complaint filed by plaintiff/appellee in March 1997. On August 13, 1997, appellee moved for entry of a default judgment, on grounds that both defendants/appellants had been served with the summons and complaint, and failed to answer within the time required by law. Also on August 13, 1997, appellee's counsel filed a notice indicating that the motion for default was scheduled to be heard by the trial court on October 6, 1997. The face of the notice was directed to Ida Thames Pierce, John E. Soles, and Sheila Mastrianna. The certificate of service reflects service on Pierce and Soles at what may be residential addresses, and service on Sheila Mastrianna at Allstate in Pensacola.
On the date of the hearing, October 6, 1997, appellee's counsel filed an affidavit regarding the damages allegedly sustained by appellee as a result of the motor vehicle accident. The affidavit stated that counsel had personal knowledge of the medical reports, medical bills, and the damages sustained by appellee, and indicated that appellee sustained damages in the amount of $100,276.82, and incurred suit costs in the amount of $109.50.
On October 15, 1997, the trial court entered final judgment in favor of plaintiff/appellee, awarding damages and costs in the amounts claimed in the affidavit. On November 5, 1997, counsel for appellants filed a notice of appearance.[1] On November 12, 1997, defendants/appellants, through counsel, filed a notice of appeal of the final judgment.
Florida Rule of Civil Procedure 1.500 governs the procedures for defaults and final judgments entered thereon. The applicable provisions of the rule state in part:
(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.
....
(e) Final Judgment. Final judgments after default may be entered by the court at any time, ... If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references, or conduct hearings as it deems necessary and shall accord a right of trial by jury to the parties when required by the Constitution or any statute.
The procedure concerning notice for trial is set forth in Florida Rule of Civil Procedure 1.440, which provides in pertinent part:
(a) When at Issue. An action is at issue after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading....
(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required, whether the trial is to be by a jury or not, and whether the trial is on the original action or a subsequent proceeding. The clerk shall then submit the notice and the case file to the court.
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the *783 damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080(a). (Emphasis supplied).
In Bennett v. Continental Chemicals, Inc., 492 So.2d 724, 727 (Fla. 1st DCA 1986), in an en banc opinion, this court announced a bright line rule that strict compliance with rule 1.440 was mandatory. Essentially, in Bennett, this court held that "because compliance with rule 1.440 is mandatory it is reversible error, when the aggrieved party does not appear or raises an objection to noncompliance with the rule, to compel that party to proceed with trial." See Parrish v. Dougherty, 505 So.2d 646, 648 (Fla. 1st DCA 1987).
A default admits a defendant's liability for liquidated damages. "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." See Bowman v. Kingsland Development, Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983). If testimony must be taken to determine the exact amount of damages, the claim is unliquidated. It is well settled that "[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." See Asian Imports, Inc. v. Pepe, 633 So.2d 551, 552 (Fla. 1st DCA 1994), quoting Bowman, 432 So.2d at 663. Accord Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133, 1134 (Fla. 5th DCA 1987).
Where an action involves unliquidated damages, a party against whom a default has been entered is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend. See Tallman Pools of Georgia, Inc. v. Wood, 399 So.2d 112, 113 (Fla. 1st DCA 1981). In Tallman, the trial court denied the appellant's motion to vacate the default judgment, then, without noticing the matter for trial on the issue of damages, the court entered judgment for appellees based solely upon a previously filed ex parte affidavit. This court reversed and remanded for trial on the issue of damages, after notice had been given.
In Lauxmont Farms, the court said the notice of trial was defective, "because the order was sent by the opposing attorney rather than the court and did not give the requisite thirty-days notice of trial." See id. The court concluded that Lauxmont Farms' fundamental due process rights were violated by the defective notice of nonjury trial for compensatory and punitive damages in the amount of $1,600,000, as well as attorney's fees and costs. The judgments were reversed and remanded for new trial after proper notice pursuant to rule 1.440(c). See also Cole v. Blackwell, Walker, Gray, Powers, Flick & Hoehl, 523 So.2d 725 (Fla. 3d DCA 1988).
In summary, Florida Rule of Civil Procedure 1.440 was not strictly complied with in this case, and appellants have not waived their entitlement to a trial on the unliquidated damages matter. In light of the ruling in Bennett, we must reverse the final judgment entered in this cause.
Accordingly, the final judgment is reversed, and this cause is remanded for further proceedings.
JOANOS and LAWRENCE, JJ., and SHIVERS, DOUGLASS B., Senior Judge, Concur.
NOTES
[1] The record reflects that appellants did not respond to any paper filed by appellee, and did not participate in any of the proceedings conducted at the trial level.