ERVIN, J.,
specially concurring.
The employer/carrier (E/C) appeals from a workers’ compensation order ruling that a verified petition for attorney’s fees and costs dated October 9, 1998, was still pending as of an attorney-fee hearing held on January 26, 2005, which appears to be a case of first impression. I concur with the majority in affirming the order of the judge of compensation claims (JCC).
Claimant was injured in 1992, and the E/C voluntarily provided workers’ compensation benefits. On June 14, 1997, claimant’s attorney and the E/C entered into a joint stipulation stating, inter alia, that counsel was entitled to reasonable attorney’s fees and costs, and that the JCC would reserve jurisdiction to award fees if the parties could not reach an agreement as to the amount. On October 9, 1998, counsel filed a verified petition for attorney’s fees and costs; however, there is no evidence in the record that the petition was ever set for hearing, or that the E/C ever filed a response to the petition.
On August 31, 2004, the JCC granted the E/C’s motion to dismiss the workers’ compensation claim because of lack of prosecution. Claimant appealed, and this court dismissed the appeal on the ground that the order was non-final. Truc v. Kimmins Corp., 889 So.2d 964, 965 (Fla. 1st DCA 2004). Thereafter, on February 2, 2005, counsel filed a second verified petition for attorney’s fees and costs related to the original 1997 joint stipulation, and the E/C defended, arguing that the *1258 statute of limitations prevented counsel from filing this second petition due to the seven-and-a-half-year lapse in time since the filing of the original stipulation, and that the claim was barred because the JCC’s August 2004 order had dismissed all claims and petitions for lack of prosecution, including counsel’s claim for attorney’s fees and costs.
At the hearing on the petition for fees, claimant’s attorney testified that he was unaware of any petitions pending at the time of the claim’s dismissal in 2004, and it was later developed at the hearing that the earlier (1998) verified petition for attorney’s fees and costs had never been prosecuted. The JCC ruled that the 1998 petition had never been dismissed; therefore, the statute of limitations was tolled. Furthermore, the JCC found that because the 1998 petition had never been scheduled for a pretrial conference or hearing, counsel’s right to prosecute the fee amount was not prejudiced, and that counsel was entitled to $14,980 in attorney’s fees, but he denied costs because claimant’s entitlement to same had not been proven. This timely appeal followed.
The 1998 petition for attorney’s fees and costs, which was filed within the two-year period in accordance with section 440.19(l)(a), Florida Statutes (1992), was apparently overlooked by both parties and the court until the fee hearing conducted in 2005. The E/C argues that the JCC’s earlier order to dismiss for lack of prosecution effectively dismissed this 1998 petition as well.
The rule is firmly established that a claim will not be dismissed for lack of prosecution if claimant has provided notice of readiness for trial and the JCC subsequently fails to set the case for trial. Citrus Cent. v. Gardner, 569 So.2d 936 (Fla. 1st DCA 1990). Claimant argues, relying on Brown v. U.S. Sugar Corporation, 562 So.2d 752, 754 (Fla. 1st DCA 1990), that his petition for attorney’s fees and costs, filed in 1998, furnished such notice. The facts in Brown, however, are distinguishable because the claimant’s attorney there filed a timely motion for hearing that was never acted upon; here, no motion for hearing was ever filed.
In fact, here, both parties violated the provisions of rule 4.144, Florida Rules of Workers’ Compensation Procedure (1997),[1] requiring that a claimant make a written request for hearing, and that the E/C respond to the verified petition within 20 days of being served. Neither of these actions took place. Because of the circumstances showing that claimant’s counsel failed to set the petition for hearing, that the E/C failed to respond, and that no final order was entered dismissing the stipulation of the parties, I agree that the JCC correctly accepted responsibility for the lack of hearing. “ ‘[WJhenever a disposi-tive motion is pending before the court, and the parties are awaiting the court’s ruling on that motion, the duty to proceed rests squarely upon the court. During that period of the court’s deliberation, the cause cannot be dismissed for lack of record activity.’ ” Cincinnati Equitable Ins. Co. v. Haunt, 933 So.2d 1233, 1236 (Fla. 3d DCA 2006) (quoting Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383, 1384 (Fla. 3d DCA 1996)). In the present case, the petition for attorney’s fees and costs remained pending for over seven years, and for some unknown reason, the action was never addressed by the JCC; therefore, *1259 the undisposed of 1998 petition for attorney’s fees and costs tolled the running of the statute of limitations.

. Although the Florida Supreme Court has since repealed the Florida Rules of Workers' Compensation, see Amendments to the Florida Rules of Workers’ Compensation Procedure, 891 So.2d 474 (Fla.2004), the pertinent provisions of rule 4.144 have been re-adopted in Florida Administrative Code Rule 60Q-6.124.