OSTERHAUS, J.
In this appeal, we consider whether the trial court properly dismissed a foreclosure action filed by the appellant. The trial court dismissed the case because appellant failed to “schedule the matter for non-jury trial,” despite the fact that appellant had actively prosecuted the case and filed a notice of trial readiness three weeks before the dismissal order. Because the rules of civil procedure and Florida Supreme Court precedent require courts, not parties, to fix trial dates, we reverse and remand with instructions for the trial court to reinstate the cause of action and to set a trial date.
I.
At a hearing on May 22, 2013, the trial court denied appellant’s motion for summary judgment and ordered appellant “to schedule a non-jury trial within 30 days.” On June 5, 2013, appellant filed a “Notice for Non Jury Trial” providing the court notice of its readiness for trial pursuant to Florida Rule of Civil Procedure 1.440(b). Nothing else occurred until appellee Brian Hill filed a motion to dismiss on June 27, 2013. The next day, the trial court granted his motion without awaiting appellant’s response[1] and dismissed the case without prejudice. Appellant promptly sought to vacate the order of dismissal in a motion explaining that it had taken all action necessary to hasten a trial by serving a notice of readiness pursuant to Rule 1.440(b). Appellant’s motion stated that it had awaited a trial date to be provided by the court pursuant to Florida Rule of Civil Procedure 1.440(c). But appellant’s motion was summarily denied.
Appellant filed a timely appeal in which it renews its argument that dismissal of its case was inappropriate. Appellees have not responded.
II.
Florida Rule of Civil Procedure 1.440 addresses how cases are to be set for trial. This court views “strict compliance with rule 1.440 [to be] mandatory.” Bennett v. Cont’l Chemicals, Inc., 492 So.2d 724, 727 (Fla. 1st DCA 1986). The rule contemplates that a party will first serve notice that an action is at issue and ready *705 for trial, then the trial court will fix a date for trial, as follows:
(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required, whether the trial is to be by a jury or not, and whether the trial is on the original action or a subsequent proceeding. The clerk shall then submit the notice and the case file to the court.
(c) Setting for Trial. If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with rule 1.080.
Fla. R. Civ. P. 1.440(b), (c).
The facts of this case resemble those considered by the Florida Supreme Court in Mikos v. Sarasota Cattle Co., 453 So.2d 402, 403 (Fla.1984). In Mikos, the Florida Supreme Court reversed an order of a trial court dismissing a case for failure to prosecute, holding that it was the trial court’s responsibility to set the trial date after a notice of readiness for trial was filed. Id. In a later case, the Court limited Mikos ’ application in ways not relevant here, but underscored Mikos ’ clear rule in cases like this one: “Once a notice of readiness for trial has been filed, absent any other happening, the next step is for the court to take[.]” Fishe & Kleeman, Inc. v. Aquarius Condo. Ass’n, 524 So.2d 1012, 1014 (Fla.1988). See also Cabrera v. Pazos, Larrinaga & Taylor, P.A., 922 So.2d 422, 424 (Fla. 2d DCA 2006) (“Failure of the trial court to set the case for trial precludes dismissal for failure to prosecute.”).
Because, here, the appellant continuously prosecuted its case and timely filed a notice of readiness for trial, dismissal was improper. The next move was for the trial court itself, not appellant, to schedule the case for trial.
III.
For these reasons, we reverse and remand for the trial court to vacate the dismissal order, reinstate the proceedings, and fix a date for trial.
REVERSED AND REMANDED.
LEWIS, C.J., and THOMAS, J., concur.

. Appellant filed a motion opposing dismissal on July 8, 2013, which was moot because the trial court had ruled so quickly on the motion.