W. SHARP, Judge.
Pate petitions this court to issue a writ of mandamus to require the trial court to schedule his civil case for trial. Pate is a state prisoner representing himself in this proceeding, as well as in a civil suit. In that suit he sought compensation from other inmates for injuries he suffered in prison when they beat him. We agree the trial should now be set and issue the writ.
The civil suit was filed in April of 1998. It was set for trial in November of 1994. Pate moved the trial court to order the transport of two inmate witnesses for the trial. The trial court denied Pate’s transport request, but continued the trial to allow Pate to depose the inmate witnesses he planned to present at trial. Pate responded that he was indigent and could not afford the services of a court reporter. He asked for the trial to proceed because he had available non-inmate witnesses who could testify. The court denied his request to let the trial proceed.
On June 12, 1995, Pate filed a renewed notice of readiness and request for jury trial. The trial court failed to reschedule the case for trial. Responding to Pate’s petition for mandamus, the trial judge asserts Pate has failed to demonstrate his case is ready for trial. According to the trial judge, Pate has identified several inmate and non-inmate witnesses, but has done nothing else.
In his renewed request for scheduling, Pate estimated a jury trial would take approximately one day, and that it would concern the original action filed. It appears this notice fulfills all the requirements of Florida Rule of Civil Procedure 1.440(b). Pate apparently now believes his trial can proceed without the transport of, or depositions of, *680 inmate witnesses. He is his own counsel in his civil damage case, and should be allowed to proceed in the manner he has chosen, whether we agree or disagree with the wisdom of his decisions. Accordingly, we grant the petition and issue the writ of mandamus. Cf. Ivans v. Greenbaum, 613 So.2d 130 (Fla. 3d DCA 1993).
Petition for Writ of Mandamus GRANTED.
DAUKSCH and THOMPSON, JJ., concur.