ON MOTION FOR REHEARING

PER CURIAM.
The petitioner filed an action for unjust enrichment, specific performance and quasi contract in small claims court, claiming that it was entitled to $1,985.13 plus interest for a 1990 tax certificate that respondents have refused to pay for almost seven years.
Upon the respondents’ motion, the court dismissed the suit on the ground that it was not properly filed in small claims court, since Florida Small Claims Rule 7.010(b) requires all actions to be at law and not in equity. This ruling prompted a petition for mandamus to the circuit court, requesting a writ to order the small claims court to take jurisdiction of its complaint. The circuit court denied the petition, and petitioner filed this petition for certiorari.
We find that there is no departure from the essential requirements of law because in small claims court a party may maintain only actions at law. See Fla. Sm.Cl.R. 7.010(b). While Alexdex Corp. v. Nachon Enterprises, Inc., 641 So.2d 858 (Fla.1994), holds that the county court may exercise equity jurisdiction over matters within its monetary jurisdiction, it does not mandate that such eases be filed in the small claims division. Therefore, a specific performance action may not be filed in small claims court. What petitioner seeks, essentially, is for this court to direct a change in the rules of court, something strictly within the jurisdiction of the supreme court.
The petitioner’s specific performance count prevented the small claims court from taking jurisdiction pursuant to the rule as the court is clearly in equity. Absent that count, the small claims court could have exercised its jurisdiction over the unjust enrichment and quasi contract counts.[1] In Commerce Partnership 8098 Limited Partnership v. Equity Contracting Co., Inc., 695 So.2d 383, 390 (Fla. 4th DCA 1997), we noted that:
all implied contract actions were part of the action of assumpsit, which was an action at law under the common law. E.g., Boyce Constr. Corp. v. District Bd. of Trustees, 414 So.2d 634, 637, n. 1 (Fla. 5th DCA 1982); Carter v. Suggs, 190 So.2d 784, 788 (Fla. 1st DCA 1966). Although some Florida courts have described quasi contracts as being “equitable in nature,” e.g., Gene B. Glick, Co., Inc., 651 So.2d at 190, the term has been used in the sense of “fairness,” to describe that quality which makes an enrichment unjust, and not as a reference to the equity side of the court.
Thus, such counts could be brought in small claims court when the amount involved is within the jurisdiction of the court.
DELL, GUNTHER and WARNER, JJ., concur.

. As we noted in Commerce, both unjust enrichment and quasi contract are actually terms used interchangeably to describe a cause of action encompassed by a contract implied in law.