906 So.2d 1268 (2005)
Hector GARCIA, as Personal Representative, etc., Petitioner,
v.
LINCARE INC. and Deb Robinson, Pharm.D., Respondents.
No. 5D05-1332.
District Court of Appeal of Florida, Fifth District.
July 29, 2005.
Carlos R. Diez-Arguelles of Martinez, Manglardi, Diez-Arguelles & Tejedor, P.A., Orlando, for Petitioner.
W. Cleveland Acree, II, and Daniel A. Tressler, II, of The Unger Law Group, P.L., Orlando, for Respondents.
TORPY, J.
Petitioner seeks a writ of mandamus to compel the trial court to set this case for trial. Despite the fact that the case is "at issue," as contemplated by Florida Rule of Civil Procedure 1.440, and that several notices for trial informed the court of such, the court has refused to set a trial date because discovery is not yet completed. We have jurisdiction, grant the petition and issue the writ. Pate v. Sawaya, 663 So.2d 679 (Fla. 5th DCA 1995).
In this medical malpractice case, Petitioner filed several notices for trial after the closure of the pleadings. In response, Respondents filed various objections claiming that the case is not ready for trial because of trial conflicts and outstanding discovery. On each occasion, the trial court sustained the objections, concluding that it would not set the case for trial until discovery had been completed. We think the trial court's conclusion misapprehends the applicable rule. Procedural readiness for trial differs from actual readiness for trial. It is the former, coupled with a properly filed "Notice for Trial," that imposes upon the court the mandatory duty to set a trial *1269 date. Kubera v. Fisher, 483 So.2d 836 (Fla. 2d DCA 1986).
On this issue, we agree with Judge Padovano's commentary:
A case is said to be ready for trial when it is at issue but in this context the term "ready" is used in a legal sense to mean that the pleadings are closed. It does not necessarily mean the lawyers are prepared to try the case. Often the lawyers will not be ready for trial when the date is set because they will not have comp[l]eted all the discovery by then. However, the fact that discovery remains to be completed has no bearing on whether the case is at issue and it is not a valid reason to delay the entry of an order setting trial.
Philip J. Padovano, Florida Civil Practice, § 15.2 (2004-2005 ed.).
Although not the basis upon which the trial court ruled, Respondents urge that, alternatively, the petition should be denied because Petitioner has recently filed a motion to amend the complaint to seek punitive damages, thereby reopening the pleadings. Although the filing of an amended complaint may necessitate a new notice for trial once the amended complaint is at issue, thus far in this proceeding, the motion to amend has not been granted. Therefore, the action is presently at issue and must be set for trial by the trial judge. Cf. Precision Constructors, Inc. v. Valtec Constr. Corp., 825 So.2d 1062 (Fla. 3d DCA 2002) (upon filing of amended complaint, pleadings are reopened and new trial notice is required).
In ruling as we have today, we emphasize that the trial court has discretion to determine which date is chosen for the trial. In doing so, the court may of course consider such issues as discovery completion, availability of witnesses and counsel, and the court's own schedule. Moreover, the trial court has the discretion to grant continuances upon proper showing. Once the case is procedurally at issue, however, upon the filing of a proper notice for trial, the court must act upon the notice within a reasonable time and give the parties a trial date.[1]
PETITION GRANTED; WRIT ISSUED.
PLEUS, C.J., and PETERSON, J., concur.
NOTES
[1] We note that several courts within our jurisdiction act on notices for trial by setting scheduling or case management conferences during which a disclosure and discovery schedule are incorporated into an order that fixes a trial date. This procedure appears to work well and is consistent with the holding in this case.