GRIFFIN, J.
Petitioner, Erin Parkinson, as Personal Representative of the Estate of Joel Parkinson [“Petitioner”], seeks a writ of mandamus from this Court which would direct the trial court to set a trial date in the underlying wrongful death suit filed by Petitioner against Kia Motors Corporation and Kia Motors America, Inc. [“Respondents”].
The suit below arises out of an automobile crash in which the Petitioner’s decedent was killed while driving a Kia vehicle. He was stopped in a line of traffic when a motor vehicle being operated at a high rate of speed by an alcohol intoxicated driver struck the rear of the Kia. The complaint lodged claims for negligence and strict liability against each corporate defendant on the theory of enhanced injury crashworthiness as recognized by the Florida Supreme Court in D'Amario v. Ford Motor Co., 806 So.2d 424, 425 (Fla.2001).[1]
After the pleadings were at issue, on June 24, 2010, Petitioner filed a Notice of Jury Trial. Petitioner’s notice estimated that the trial would take fifteen days. Then, on August 20, 2010, Petitioner filed motions for partial summary judgment directed to certain defenses raised by Respondents. Specifically, Petitioner contended that, pursuant to D’Amaño, certain defenses involving the negligence of others were not available in an enhanced injury crashworthiness case. Petitioner also challenged the affirmative defense that was based on a claim of reasonably safe design as measured by the Risk Utility analysis recognized in the Restatement (3d) of Torts.
These summary judgment motions appear to have stimulated Respondents to file a “Motion to Strike Notice for Trial.” In that motion, Respondents took the following position:
The Defendant, KIA AMERICA MOTORS AMERICA, INC. hereinafter (“KIA”) hereby objects to and files this *606 Motion to Strike the Notice of Trial served by Plaintiff dated June 24, 2010. The basis for this Motion is as follows:
Under Fla. R. Civ. P. 1.440 this case is not at issue. Because this case is not at issue it cannot be set for trial. Plaintiff has a pending Motion for Partial Summary Judgment on Affirmative Defenses of Defendant, KIA MOTORS AMERICAN, INC. dated August 20, 2010 still before this Court. Rule 1.440 specifically directs: “An action is an [sic] issue after any motions directed to the last pleading served have been disposed of.” This case is not at issue therefore as a matter of law cannot be set for trial.
On September 14, 2010, the trial court entertained a hearing on Respondents’ motion to strike, at which time Respondents’ counsel re-asserted the position that, because of the pending motions for summary judgment, the court lacked the power to set the case for trial. Counsel for Petitioner correctly pointed out that a motion for summary judgment was not a motion “directed to the last pleading” and that the filing of a motion for summary judgment does not prevent a case from being at issue and ready to set for trial. Nevertheless, Respondents’ argument won the day. The trial court also commented, however, that because of the number and complexity of outstanding legal issues, the case was not “ready” for trial. The trial court said that it thought the case might be ready for trial by 2012, and offered to set a date in 2012. Understandably frustrated by these events, Petitioner seeks an order from this Court compelling the trial court to set the case for trial. Petitioner asserts that the court is obliged to schedule a case for trial when the pleadings are at issue, as this case is, and that the pending summary judgment motions do not affect the status of the pleadings. Although we agree with this position, we decline to issue the writ.
We note, at the outset, that barely a whiff of Respondents’ winning argument below that the case is not “at issue” can be detected in its appellate filings. Rather, Respondents urge here that the trial court’s conclusion that the case is not “ready” because so much important work remains to be done should be respected and the trial court should have the “discretion” to control the overall demands of his docket in deciding when a case should be tried. Putting aside the irony of this argument, we are bound to agree with it.
In Garcia v. Lincare, Inc., 906 So.2d 1268 (Fla. 5th DCA 2005), we dealt with a similar issue. There, the petitioner had filed several notices for trial after closure of the pleadings, but Respondents repeatedly objected, arguing that the case was not at issue due to “trial conflicts and outstanding discovery.” Garcia, 906 So.2d at 1268. The trial court agreed with Respondents, concluding that it would not set the case for trial until the discovery in the case had been completed. Id.
In granting mandamus relief to the Petitioner in Garcia, this Court held:
We think the trial court’s conclusion misapprehends the applicable rule. Procedural readiness for trial differs from actual readiness for trial. It is the former, coupled with a properly filed “Notice for Trial,” that imposes upon the court the mandatory duty to set a trial date. Kubera v. Fisher, 483 So.2d 836 (Fla. 2d DCA 1986).
On this issue, we agree with Judge Pa-dovano’s commentary:
A case is said to be ready for trial when it is at issue but in this context the term “ready” is used in a legal sense to mean that the pleadings are closed. It does not necessarily mean the lawyers are prepared to try the case. Often the *607 lawyers will not be ready for trial when the date is set because they will not have completed all the discovery by then. However, the fact that discovery remains to be completed has no bearing on whether the case is at issue and it is not a valid reason to delay the entry of an order setting trial.
Philip J. Padovano, Florida Civil Practice, § 15.2 (2004-2005 ed.).
* * *
In ruling as we have today, we emphasize that the trial court has discretion to determine which date is chosen for the trial. In doing so, the court may of course consider such issues as discovery completion, availability of witnesses and counsel, and the court’s own schedule. Moreover, the trial court has the discretion to grant continuances upon proper showing. Once the case is procedurally at issue, however, upon the filing of a proper notice for trial, the court must act upon the notice within a reasonable time and give the parties a trial date. FN1.
Id. at 1268-1269.
Here, the trial court has not refused to set a trial date; rather, it offered to set a date in 2012, based on its conclusion that the case was complex and that many difficult and novel issues required resolution before a trial of such length could go forward. Although a delay approaching eighteen months to obtain a two-week civil trial in a circuit court in Central Florida is shocking, we have to recognize that under the new regime of ever-decreasing resources, this may be— or may become — the norm. A 2012 trial date may be unacceptable to Petitioner, but we are not in a position, at this stage, to micro-manage the scheduling of this trial. The timing of the trial is a matter left to the sound discretion of the trial court. We do not know what other matters are competing for the trial judge’s attention and how much support he has. Accordingly, we deny the petition for writ of mandamus, but admonish the trial court that it is obliged to schedule a case for trial that is at issue and properly noticed, notwithstanding pending motions for summary judgment.
Petition for Writ of Mandamus DENIED.
MONACO, C.J. and SAWAYA, J., concur.

. In D’Amaño, the Florida Supreme Court held the following in pertinent part:
In sum, we hold that principles of comparative fault involving the causes of the first collision do not generally apply in crashworthiness cases. Such a rule, we believe, recognizes the important distinction between fault in causing the accident and fault in causing additional or enhanced injuries as a result of a product defect, a distinction that defines and limits a manufacturer’s liability in crashworthiness cases. In such cases, the automobile manufacturer is solely responsible for the enhanced injuries to the extent the plaintiff demonstrates the existence of a defective condition and that the defect proximately caused the enhanced injuries. Thus, an automobile manufacturer who allegedly designed a defective product may not be held liable for damages caused by the initial collision and may not apportion its fault with the fault of the driver of the vehicle who caused the initial accident.
We believe this rule will ensure both fairness in the apportionment of damages and that the jury will not be unduly confused about the issues in the case, especially in cases like those before us today, where both accidents involved drinking and driving. Because the initial collision is presumed in crashworthiness cases, the jury's focus in such cases should be on whether a defect existed and whether such defect proximately caused the enhanced injuries. Unfortunately, in the consolidated cases, the juries' focus was shifted to the conduct of the intoxicated drivers who caused the initial accidents. In light of the confusion caused by the introduction of accident-causing fault and the improper focus placed on the non-party drivers’ intoxication in each case, we conclude that both the estate and D’Amario are entitled to a new trial.
Id. at 441-442 (footnote omitted).

. We note that several courts within our jurisdiction act on notices for trial by setting scheduling or case management conferences during which a disclosure and discovery schedule are incorporated into an order that fixes a trial date. This procedure appears to work well and is consistent with the holding in this case.