ALTENBERND, Judge.
Daniel LaSalla has filed a petition seeking the issuance of a common law writ of certiorari to quash the circuit court’s order denying certiorari relief. The circuit court reviewed an order entered by a county court. Thus, this is a second-tier certiora-ri proceeding. We deny the petition and write primarily to explain that, for purposes of the concept of subject matter jurisdiction, a county court that applies the Florida Small Claims Rules in a particular proceeding is not a separate court from a county court that applies the Florida Rules of Civil Procedure. This is true even if a county court has elected to create a “small claims division” to handle cases under the Florida Small Claims Rules. To the extent that Tax Certificate Redemption’s, Inc. v. Meitz, 705 So.2d 64 (Fla. 4th DCA 1997), discusses the “jurisdiction” of a small claims court as distinct from the jurisdiction of county court, we believe that discussion is incorrect.
This case began in 2006 as a two-count complaint filed in the small claims division of the Pinellas County Court. In that *1017 complaint, Pools by George of Pinellas County, Inc. (PBG) sought $5000 from Mr. LaSalla for breach of a contract. PBG claimed that it had performed work on Mr. LaSalla’s pool deck for which it had not been paid. In count two, the complaint sought to foreclose a construction lien.
Claims in equity, including claims to foreclose construction liens, are not intended to be resolved under the Florida Small Claims Rules. Fla. Sm. Cl. R. 7.010(b) (“These rules are applicable to all actions at law of a civil nature in the county courts.” (Emphasis added.)). Nevertheless, apparently without objection, this case went to judgment in the county court’s small claims division. Mr. LaSalla did not timely appeal that judgment.
Thereafter, Mr. LaSalla retained counsel who argued that the small claims division did not have subject matter jurisdiction to enter that judgment or a subsequent award of attorney’s fees. Procedurally, this case then became very complex. For purposes of this opinion, it is sufficient to understand that the circuit court, in an appellate proceeding, concluded it must follow the law explained in Tax Certificate, and it reversed an order of attorney’s fees entered by the county court small claims division. Thereafter, following additional proceedings, Mr. LaSalla argued that the judgment in the small claims division was void for lack of subject matter jurisdiction. The circuit court rejected that argument in the certiorari proceeding as we do in this proceeding.
Not all county courts choose to have small claims divisions. Pinellas County does have such a division. The Florida Small Claims Rules do not discuss the need for such a division but describe the scope of the rules as follows:
These rules are applicable to all actions at law of a civil nature in the county courts in which the demand or value of property involved does not exceed $5,000 exclusive of costs, interest, and attorneys’ fees.
Fla. Sm. Cl. R. 7.010(b).
These rules do not create a “small claims court.” They simply create rules of procedure for use in county court when the amount in controversy is small. If the amount in controversy changes during a proceeding and exceeds the amount specified in the small claims rules, but is not large enough to warrant a transfer to circuit court,[1] the parties should be entitled to request the court to begin using the Florida Rules of Civil Procedure. See Fla. Sm. Cl. R. 7.020 (providing that the Florida Rules of Civil Procedure may apply to an action proceeding under the small claims rules by order of the court or stipulation by the parties). A shift to these rules, however, is not a change of “jurisdiction” or a transfer to another court.[2] At all times, the proceeding is filed in county court under the jurisdictional rules govern *1018 ing county courts. See § 34.01, Fla. Stat. (2005).
As a constitutional matter, it would be impossible for the legislature or the supreme court to establish a separate small claims court unless the constitution were first amended. Article V, section 1 of the Florida Constitution specifies that “judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts.” It expressly states: “No other courts may be established by the state, any political subdivision or any municipality.”
Accordingly, although the initial judgment in county court may have been entered with the. use of the wrong set of procedural rules, that judgment was not void and the county court had subject matter jurisdiction over the case. Thus, the circuit court did not depart from the essential requirements of the law in the certio-rari proceeding that is challenged in this second-tier certiorari proceeding. If any error occurred in this case, that error may have occurred when the circuit court understandably followed the Fourth District’s decision in Tax Certificate and reversed the county court’s order awarding attorney’s fees on the basis of that decision.
Petition for writ of certiorari denied.
KELLY and SLEET, JJ., Concur.

. Florida Small Claims Rule 7.100(d), which is comparable to Florida Rule of Civil Procedure 1.170(j), discusses a transfer when a case is beyond the jurisdiction of the county court. The transfer contemplated by both rules appears to be a transfer from county to circuit court.

. In Pinellas County, Administrative Order No. 91-19 addresses cases that are "transferred” from the small claims division to the county civil division and vice-versa. "Transfer” is not used in a jurisdictional sense in this order. The transfer discussed is similar to a transfer from one division of circuit court to another. It is noteworthy that a "transfer” under Order 91-19 reassigns the case to another division, but keeps the same county judge on the case. Thus, for practical purposes, the "transfer” merely shifts the rules of procedure applicable in the courtroom. In re Section Assignments, Fla. Admin. Order No. 91-19 (June 21, 1991), available at http:// www.jud6.org/legalcommunity/Legal Practice/AOSAndRules/aos/aos91/A091-19CTY.htm.