# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1025
_____

CHRISTINA CONNER,

Appellant,

v.

THE HONORABLE JOHN MORAN,
COUNTY JUDGE

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Eric C. Roberson, Judge.

August 9, 2019

BILBREY, J.

Appellant challenges the circuit court's denial of her petition for writ of mandamus to compel Duval County Judge John Moran to grant her requests for jury trial in the pending county court case. Because the circuit court was not reviewing any order entered by the county court, and the record lacks any such order or ruling, the appeal of the circuit court's order invokes this court's appellate jurisdiction, not this court's second-tier review or certiorari jurisdiction. *Compare* Fla. R. App. P. 9.110 & 9.100. We affirm the order on appeal because the circuit court's denial of the writ of mandamus was correct.

Appellant is the defendant and counterclaim plaintiff in a county court action initiated in 2013 by Benjamin H. Clark, her former fiancé. Mr. Clark, as plaintiff in the county court, filed a statement of claim under rule 7.050, Florida Small Claims Rules, seeking the return of the engagement ring or the monetary value thereof ($5,000.00) from Appellant. Upon the filing of the claim, the notice to appear for pretrial conference was issued to both parties. *See* Fla. Sm. Cl. R. 7.060. Appellant timely filed her answer and counterclaim, including her request for jury trial. *See* Fla. Sm. Cl. R. 7.150. Appellant admitted that she and Mr. Clark had been engaged to be married but denied that he was entitled to return of the ring or its monetary value upon the termination of the engagement. In her counterclaim, Appellant sought a declaratory judgment of her right to retain the ring but did not request monetary relief.

The day before the scheduled pre-trial conference, Appellant filed her motion to transfer the case "to county court," based on her allegation that her counterclaim raised an amount in controversy which exceeded the small claims jurisdictional threshold of $5,000.00. *See* Fla. Sm. Cl. R. 7.010(b). Consequently, the court scheduled a hearing on this motion and cancelled the pre-trial conference.

After a hearing, the county court denied Appellant's motion to transfer the case. The county judge noted that the case was pending in county court, that the amount in controversy did not exceed $15,000.00, and that transfer within the county court — from small claims to civil — was not available because a county court hears both small claims and other civil claims up to $15,000.00. *See* § 34.01(2)(c), Fla. Stat. (2014). Neither the transcript of the hearing nor the court's written order indicate that Appellant raised her demand for jury trial during the hearing on the motion to transfer.

Appellant continued her quest to litigate the amount in controversy, filing a motion for rehearing and thereafter, a petition for writ of mandamus in the circuit court to compel transfer of the case within the county court. The circuit court denied the writ, finding that the county court did not have a separate division for small claims, that less than $15,000.00 was at issue, and the

2

county court had jurisdiction over the case regardless of whether it applied the Small Claims Rules or the Rules of Civil Procedure. Appellant's motion for rehearing of the circuit court's order was unsuccessful.

Several months later, on January 17, 2018, Appellant filed another petition for writ of mandamus in the circuit court.[1] In that second petition she sought to compel the county court to grant her demand for jury trial as contained in her answer and counterpetition filed January 21, 2014. She argued that she was entitled to a jury trial due to the amount in controversy, rather than any error by the county court in an order or other denial of a request for trial. The circuit court again denied the petition for writ of mandamus, finding that Appellant had not demonstrated that the county court failed or was failing to perform a ministerial, non-discretionary official duty, as required for issuance of the writ. Here, Appellant appeals that denial.

Appellant appears to misapprehend the nature of Florida Small Claims Rules which do not create a separate "Small Claims Court" even if colloquially referred to by that name. "[F]or the purposes of the concept of subject matter jurisdiction, a county court that applies the Florida Small Claims Rules in a particular proceeding is not a separate court from a county court that applies the Florida Rules of Civil Procedure." *LaSalla v. Pools by George of Pinellas Cty, Inc.,* 125 So. 3d 1016, 1016 (Fla. 2d DCA 2013). "This is true even if a county court has elected to create a 'small claims division' to handle cases under the Florida Small Claims Rules." *Id.*

The second petition for writ of mandamus filed by Appellant in the circuit court is similar to the petition for writ of mandamus to compel a judge to set a case for trial in *Parkinson v. Kia Motors Corp.*, 54 So. 3d 604 (Fla. 5th DCA 2011). The court in *Parkinson* denied the petition for writ of mandamus because the "trial court

---

[1] That petition, which is before us on appeal, should have been styled Christina Conner v. Benjamin H. Clark, and Judge Moran should not have been named as a respondent. *See* Fla. R. App. P. 9.100(b)(3)(A)

3

has not refused to set a trial date." *Id.* at 607. There the court recognized the trial court's duty to set a matter for trial once the case was "at issue and properly noticed". *Id.*

Unlike the situation in *Parkinson*, however, Appellant did not point to any motion or request she made to set a jury trial, other than her general demand in her pleadings. She makes no reference to a notice for trial by any party under rule 1.440, Florida Rules of Civil Procedure, or any order issued by the county court which thwarted any attempt by either party to set the matter for trial.[2]

The writ of mandamus is available only to compel a non-discretionary ministerial duty by a public official where the petitioner has no other legal remedy to obtain the relief sought. *Hatten v. State*, 561 So. 2d 562 (Fla. 1990); *Rhea v. Dist. Bd. of Trs. of Santa Fe College*, 109 So. 3d 851, 855 (Fla. 1st DCA 2013). The circuit court's denial of the writ of mandamus was correct because Appellant had another legal remedy to obtain a jury trial — namely, to file a notice for trial in the county court under rule 1.440(b).

Only upon a notice under rule 1.440(b) would the county court have a clear legal duty to set the matter for trial. As explained in *Gawker Media, LLC v. Bollea*, 170 So. 3d 125, 129 (Fla. 2d DCA 2015):

> Rule 1.440(a) provides that an action is deemed at issue "after any motions directed to the last pleading served have been disposed of or, if no such motions are served, 20 days after service of the last pleading." Thereafter,

---

[2] Rule 1.440 does not apply to actions operating under the Florida Small Claims Rules, unless the county judge orders it to be applicable. *See* Fla. Sm. Cl. R. 7.020(a) & (c). But rule 1.440 does apply to other civil actions in county court. *See* Fla. R. Civ. P. 1.010. Here, Appellant sought to operate under the Florida Rules of Civil Procedure applicable to actions that exceed $5,000 but do not exceed $15,000, which would include applying rule 1.440 to any motion setting an action for trial.

under subsection (b) a party must serve a notice that the action is at issue and ready to be scheduled for trial. Per subsection (c), the court must then enter an order setting trial no fewer than thirty days hence. The rule thus prescribes a minimum interval of fifty days between service of the last pleading and commencement of trial.

Strict compliance with rule 1.440 is mandatory. *Citimortgage, Inc. v. Hill*, 140 So. 3d 703 (Fla. 1st DCA 2014). While a court has authority to set an action for trial upon its own motion per rule 1.440(c), the court's obligation to set the action for trial becomes mandatory only upon service of the notice for trial by a party under subsection 1.440(b).

Based on Appellant's failure to demonstrate a clear legal right to the performance of a ministerial, non-discretionary action by the county court and failure to establish that she lacked any other legal remedy to obtain the relief she sought (a jury trial), the circuit court's denial of the writ of mandamus is AFFIRMED.

RAY, C.J., and JAY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Neil L. Weinreb, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Timothy L. Newhall, Senior Assistant Attorney General, Tallahassee, for Appellee Honorable John Moran.