DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLARY LEWIS,**
Appellant,

v.

**MAX GRANITE, LLC,**
Appellee.

No. 4D21-2802

[June 8, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; John J. Parnofiello, Judge; L.T. Case No. 50-2020-SC-007208-XXXX-MB.

Michael Gulisano of Gulisano Law, PLLC, Coral Springs, for appellant.

No brief filed on behalf of appellee.

CIKLIN, J.

Clary Lewis, the defendant below in a small claims matter, appeals a final judgment entered against her awarding $20,912 to plaintiff below, Max Granite, LLC ("Max Granite"). Lewis argues that the county court erred by entering an award in excess of the amounts allowed by Florida Small Claims Rule 7.010(b). We agree and reverse.

After receiving and considering the evidence, the damages awarded were as follows: "$7,600.00 in unpaid principal, plus $3,652.00 in contractual interest, plus $8,740.00 in contractual late fees, in damages, plus $920.00 in court costs for a total amount of $20,912.00, which will bear interest at the rate of 4.25% for the current year, and thereafter at the prevailing rate per year as provided by Florida Statute."

In accordance with rule 7.010(b), the Florida Small Claims Rules apply "to all actions of a civil nature in the county courts which contain a demand for money or property, the value of which does not exceed $8,000 exclusive of costs, interest, and attorneys' fees."

In the event that the amount sought increases in value and becomes greater than the limits of small claims court but is still less than the jurisdictional threshold of circuit court, a procedure exists:

> If the amount in controversy changes during a proceeding and exceeds the amount specified in the small claims rules, but is not large enough to warrant a transfer to circuit court, the parties should be entitled to request the court to begin using the Florida Rules of Civil Procedure. *See* Fla. Sm. Cl. R. 7.020 (providing that the Florida Rules of Civil Procedure may apply to an action proceeding under the small claims rules by order of the court or stipulation by the parties).

*LaSalla v. Pools by George of Pinellas Cnty., Inc.*, 125 So. 3d 1016, 1017 (Fla. 2d DCA 2013) (footnote omitted).

In the instant case, because the matter proceeded as a small claims matter pursuant to the allegations originally alleged in Max Granite's filings, the damages that could be awarded were limited to $8,000, exclusive of attorney's fees, costs, and pre-judgment interest if permitted by contract or statute. Thus, although the parties could have requested that the county court begin using the Florida Rules of Civil Procedure after the amount in controversy changed and exceeded $8,000, the record does not indicate this happened before judgment was entered. As a result, the defendant was not notified that potential damages could exceed $8,000 (exclusive of costs, interest, and attorney's fees), but yet remain within the county court's jurisdiction.

Accordingly, we reverse and remand for the trial court to enter final judgment in accordance with rule 7.010(b). We affirm with respect to all other arguments raised.

*Reversed and remanded.*

WARNER and MAY, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

2