DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IRENE FISHER**
Appellant,

v.

**ABERDEEN GOLF & COUNTRY CLUB, INC.**,
Appellee.

No. 4D21-3284

[December 7, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 502020SC014988.

Ronald E. D'Anna of D'Anna Legal, PLLC, Boca Raton, for appellant.

Jeremy Dicker of Sachs Sax Caplan, Boca Raton, for appellee.

PER CURIAM.

We affirm the final judgment for damages in all respects but one. We reverse the award of $21,061.81 in damages and remand to the county court for the entry of an amended final judgment fixing damages at $8,000, the limit in small claims cases provided in Florida Small Claims Rule 7.010(b).

The plaintiff filed this claim as a small claims case, which meant that damages did not exceed $8,000. The case proceeded under the Florida Small Claims Rules. In fact, the county court entered a pretrial order pointing out that the civil case management system described in the order did not apply to cases proceeding under the Small Claims Rules. The order further provided:

> Parties to small claims cases who invoke the Rules of Civil Procedure should submit an Agreed Case Management Plan and Order Approving the Agreed Case Management Plan as outlined above along with their Stipulation to Invoke the Rules of Civil Procedure.

This portion of the pretrial order is consistent with Florida Small Claims Rule 7.020(c), which states:

> In any particular action, the court may order that action to proceed under 1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties or on the court's own motion.

The parties did not file a stipulation to invoke the Rules of Civil Procedure described in the pretrial order. Nor did the plaintiff move the court to begin using the Rules of Civil Procedure because the damages sought exceeded the small claims limit. *See LaSalla v. Pools by George of Pinellas Cnty., Inc.*, 125 So. 3d 1016, 1017 (Fla. 2d DCA 2013); *see also* Fla. Sm. Cl. R. Form 7.353 (providing a form for a party's motion to invoke the Rules of Civil Procedure in a small claims case).

The plaintiff moved for summary judgment under Florida Rule of Civil Procedure 1.510, a rule of procedure not automatically adopted for small claims cases, and asked for damages exceeding the $8,000 limit for small claims. It did so without complying with the court's pretrial order. But, in a case under the Small Claims Rules, the parties may not unilaterally invoke the Rules of Civil Procedure for all purposes.

The defendant responded and objected to the increased damages amount: "Notwithstanding having pled damages in the amount of $7055.55 in its complaint, and having filed its complaint as a small claims action, the Plaintiff never requested to amend its complaint, yet is requesting damages in its summary judgement motion in the amount of $21,061.81, well in excess of the $8,000 subject matter jurisdictional amount."

At the time the court ruled on the motion for summary judgment, the Small Claims Rules were still governing the case. We have previously held that "because [a] matter proceeded as a small claims matter pursuant to the allegations originally alleged in [the plaintiff's] filings, the damages that could be awarded were limited to $8,000, exclusive of attorney's fees, costs, and pre-judgment interest if permitted by contract or statute." *Lewis v. Max Granite, LLC*, 339 So. 3d 1023, 1024 (Fla. 4th DCA 2022). While "the parties could have requested that the county court begin using the Florida Rules of Civil Procedure after the amount in controversy changed and exceeded $8,000, the record does not indicate this happened before judgment was entered." *Id.* at 1024–25.

Not only do the rules advise on this matter, but the court's own administrative order specifies the procedure to be undertaken to invoke the Florida Rules of Civil Procedure. That procedure was not invoked here. And while the defendant became aware of the larger amount requested by the plaintiff in the motion, the Rules of Civil Procedure governing motions for summary judgment had not been invoked.

It occurs to us that the Committee on Small Claims Rules might suggest an amendment to Rule 7.020 to add a provision specifying the procedure for invoking the Rules of Civil Procedure when a plaintiff wishes to seek damages in excess of $8,000. Such a procedure would set a bright line as to the shift in potential damages and could take into account a mechanism for complying with section 34.041, Florida Statutes (2020), which provides for varying filing fees depending on the amount of the claim at issue.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

GROSS, MAY and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***