SCALES, J.
On January 9, 2012, appellee, plaintiff below, filed a mortgage foreclosure action against appellant, defendant below. On October 9, 2012, appellant filed an answer, which included a crossclaim against appellant’s daughter, co-defendant, Velda Gail Tucker, and a counterclaim to quiet title in the appellant.[1]
On June, 17, 2013, the ease was set for a non-jury trial to occur on August 15, 2013. On July 25, 2013, appellant filed a motion to strike the order setting the case for trial, arguing that the case was not at issue because appelleé never filed an answer or other responsive pleading to her counterclaim.
The trial court denied appellant’s motion to strike on August 1, 2013. Later on August 1, 2013, appellant filed a motion for rehearing of the order denying the motion to strike. On August 6, -2013, appellee filed an answer to the counterclaim. On August 9, 2013, the trial court denied appellant’s motion for rehearing of the order denying the motion to strike.
*306 The case, including both appellee’s foreclosure claim and appellant’s counterclaim,[2] proceeded to trial on August 15, 2013. Following the bench trial, the court entered final judgment of foreclosure in appellee’s favor.
We reverse because the case was tried before it was “at issue,” in contravention of Florida Rule of Civil Procedure 1.440.- An action is not “at issue” until the pleadings are closed. See Fla. R. Civ. P. 1.440(a). Here, the order setting the case for trial was entered before appellee filed any responsive pleading to appellant’s counterclaim. The case was not at issue and, therefore, could not have been noticed for trial until 20 days after appellee filed its answer to the appellant’s counterclaim;[3] the case, then, could not have been set for trial by the court any sooner than 30 days after service of the notice of trial.[4] As we have previously held, “[fjailure to adhere strictly to the mandates of Rule 1.440 is reversible error.” Precision Constructors, Inc. v. Valtec Const. Corp., 825 So.2d 1062, 1063 (Fla. 3d DCA 2002) (citing Bennett v. Continental Chemicals, Inc., 492 So.2d 724 (Fla. 1st DCA 1986)).
Accordingly, we reverse the final judgment of foreclosure in favor of appellee and the orders denying appellant’s motion to strike arid appellant’s motion for rehearing of the order denying the motion to strike, and remand for further proceedings consistent with this opinion.

. Appellant’s counterclaim seeking to quiet title alleges that appellant’s daughter, Velda Gail Tucker, forged the deed upon which the appellee relied in securing its loan to Velda Gail Tucker. Appellant’s counterclaim is thus compulsory, alleging that the appellee’s mortgage is void. The merits of appellant’s counterclaim are not at issue in this appeal.

.It is unclear from the record whether the trial also encompassed appellant's crossclaim against her daughter. However, because we are reversing the final judgment in all respects, the crossclaim remains to be adjudicated.

. Fla. R. Civ. P. 1.440(a).

. Fla. R. Civ. P. 1.440(c).