# Third District Court of Appeal

## State of Florida

Opinion filed July 02, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-461
Lower Tribunal No. 11-21566
_____

## Ocean Bank,
Appellant,

vs.

## Maria E. Garcia-Villalta,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Louis K. Nicholas II, for appellant.

Russo Appellate Firm, P.A., and Christopher J. Bailey, for appellee.

Before ROTHENBERG, SALTER, and FERNANDEZ, JJ.

ROTHENBERG, J.

Ocean Bank appeals the dismissal of its foreclosure action against Maria E.

Garcia-Villalta ("Garcia-Villalta") without prejudice to refile based on Ocean Bank's failure to comply with the trial court's Uniform Order Setting Cause for Non-Jury Trial and Trial Instructions ("Uniform Order"). Because we find that the trial court abused its discretion, we reverse the orders under review and remand for reinstatement of the foreclosure action.

Ocean Bank filed a foreclosure action against Garcia-Villalta in July 2011, but failed to serve her with the complaint either personally or by publication. In August 2011, Garcia-Villalta moved to dismiss the action based on Ocean Bank's failure to serve the complaint. Although Garcia-Villalta did not file an answer, she participated in the litigation through counsel by serving Ocean Bank with interrogatories and requests for production on October 19, 2011. Ocean Bank failed to respond, and therefore, the following month, Garcia-Villalta moved to compel the pending discovery.

On November 20, 2012, the trial court *sua sponte* issued a Uniform Order, which set Garcia-Villalta's foreclosure case and approximately 80 other foreclosure cases for a non-jury trial on January 11, 2013. The Uniform Order, which was furnished by fax to the numerous plaintiffs' attorneys, provided, in part, as follows: "The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsels of record for whom service is not indicated by the accompanying 11th Circuit

confirmation, and file proof of service with the Clerk of the Court."

Ocean Bank served a copy of the Uniform Order on Garcia-Villalta's trial counsel on December 20, 2012—only twenty-two days prior to the scheduled non-jury trial. On January 4, 2013, Garcia-Villalta moved to strike the matter from the non-jury docket, arguing that Ocean Bank had not served Garcia-Villalta with the Uniform Order at least thirty days before the scheduled trial as required by Florida Rule of Civil Procedure 1.440(c). Thereafter, on January 7, 2013, Ocean Bank moved to continue the trial because it had not properly served Garcia-Villalta with the complaint, and, on the following day, Ocean Bank filed a motion for default against another named defendant, Chase Bank USA, N.A. ("Chase Bank").

The parties appeared before the trial court for the scheduled trial on January 11, 2013. Ocean Bank's counsel explained that she did not immediately serve the Uniform Order on Garcia-Villalta's counsel because she mistakenly believed that Garcia-Villalta's counsel had received the Uniform Order via fax. However, once she learned that Garcia-Villalta had not received the Uniform Order, she immediately served Garcia-Villalta's counsel with the Uniform Order on December 20, 2012. Ocean Bank's counsel described her delay as "an honest error."

The trial court dismissed Ocean Bank's foreclosure action without prejudice to refile based on Ocean Bank's counsel's failure to timely serve the Uniform

3

Order and on the trial court's finding of "further good cause."[1] Ocean Bank's appeal followed.

Ocean Bank contends the trial court abused its discretion in dismissing its foreclosure action without prejudice to refile. See Bank One, N.A. v. Harrod, 873 So. 2d 519, 520 (Fla. 4th DCA 2004) (holding that the dismissal of an action for failure to comply with a trial court's order is reviewed for an abuse of discretion). We agree.

Under the circumstances of this case, the trial court abused its discretion for various reasons. First, the foreclosure case was not properly "at issue" when the trial court issued its *sua sponte* order setting the case for trial because Garcia-Villalta had not filed a responsive pleading, no default had been issued against Garcia-Villalta, and the trial court had not ruled on Ocean Bank's motion for default against Chase Bank. See Fla. R. of Civ. P. 1.440(a); Tucker v. Bank of New York Mellon, 39 Fla. L. Weekly D789, D789 (Fla. 3d DCA Apr. 16, 2014) (holding that the foreclosure action was improperly tried before case was "at issue" in contravention of Florida Rule of Civil Procedure 1.440 where a responsive pleading to counterclaim had not been filed prior to issuing the order setting case for trial); Precision Constructors, Inc. v. Valtec Const. Corp., 825 So. 2d 1062,

---

[1] In dismissing the action based on "further good cause," the trial court did not precisely specify what "further good cause" warranted the imposition of such a harsh sanction. Regardless, as explained in this opinion, dismissal without prejudice to refile was an abuse of discretion.

4

1063 (Fla. 3d DCA 2002); Bennett v. Cont'l Chems., Inc., 492 So. 2d 724, 727 n.1 (Fla. 1st DCA 1986) (en banc) ("An answer must be served by or a default entered against all defending parties before the action is at issue." (quoting Trawick's Florida Practice and Procedure § 22-2 (1980 ed.))).

Second, when both parties appeared before the trial court on January 11, 2013, they informed the trial court they were not ready to proceed—Garcia-Villalta had not filed an answer; Ocean Bank's motion for default against Chase Bank was pending; Garcia-Villalta's discovery requests were pending; and the trial court had not ruled on Garcia-Villalta's motions to dismiss and to compel discovery. As such, both parties requested that the non-jury trial not go forward that day. Despite the parties' requests and the fact that a continuance would not have prejudiced either party, the trial court dismissed the action without prejudice to refile.

Finally, even if the foreclosure case had been "at issue," the trial court nonetheless abused its discretion by dismissing the action without prejudice to refile because the record demonstrates that Ocean Bank's trial counsel's failure to timely serve Garcia-Villalta with the Uniform Order was nothing more than "an honest error." See JP Morgan Chase Bank v. Jurney, 86 So. 3d 1182, 1182-84 (Fla. 2d DCA 2012) (holding that the trial court abused its discretion by dismissing the bank's foreclosure action and allowing the bank to refile a new foreclosure action because the bank's failure to timely file an amended complaint that

5

complies with Florida Rule of Civil Procedure 1.110(b) "was no more than an honest mistake").  Accordingly, we reverse the orders under review and direct the trial court to reinstate the foreclosure action.

Reversed and remanded.