DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION**, AS TRUSTEE, IN TRUST FOR
THE HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE
SECURITIES CORP. HOME EQUITY ASSET TRUST 2003-3, HOME
EQUITY PASS-THROUGH CERTIFICATES, SERIES 2003-3,
Appellant,

v.

**KEITH CROTEAU**, et al.,
Appellee.

No. 4D13-2549

[May 27, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit,
Martin County; James W. Midelis, Judge; L.T. Case No. 432007CA000081.

Ronnie J. Bitman and Allison Morat of Pearson Bitman LLP, Maitland,
for appellant.

Keith Croteau, Whittier, California, pro se.

PER CURIAM.

In this appeal, the plaintiff challenges an order dismissing its
foreclosure suit as a sanction for its failure to be ready for trial. In the
weeks prior to the trial date, plaintiff sought to continue the case, citing
its desire to amend the complaint to name additional defendants,
including the homeowners' association, and the recent health problems of
defendants' counsel. The day before trial, defendants' counsel filed his
own motion to continue the case due to his recent hospitalization. Neither
the defendants nor their counsel appeared for the trial. The trial court,
however, refused to continue the case and, instead, dismissed the suit as
a sanction for the plaintiff's failure to be ready for trial. The dismissal was
an abuse of the trial court's discretion.

First, Florida Rule of Civil Procedure 1.440 permits a case to be set for
trial when it is "at issue." Here, although the Croteaus failed to answer
the complaint, the bank never obtained a default. This failure prevented
the action from being "at issue." *Ocean Bank v. Garcia-Villalta*, 141 So. 3d

256, 257–58 (Fla. 3d DCA 2014); *Bennett v. Cont'l Chems., Inc.*, 492 So. 2d 724, 727 n.1 (Fla. 1st DCA 1986). Second, dismissal is considered the most extreme of sanctions and "should be reserved for cases involving flagrant violations of procedural rules." *Goldberg v. Law Office of Sara Lawrence, P.A.*, 150 So. 3d 862, 864 (Fla. 4th DCA 2014). Such an extreme sanction was not warranted under the facts of this case. *See also Krock v. Rozinsky*, 78 So. 3d 38, 41 (Fla. 4th DCA 2012) (recognizing factors to be considered in assessing whether denial of motion for continuance was an abuse of discretion are (1) whether denial creates injustice for moving party; (2) whether cause of request was unforeseeable by moving party and not result of dilatory practices; and (3) whether opposing party would suffer prejudice or inconvenience).

Accordingly, the order of dismissal is reversed and the matter is remanded for further proceedings.

*Reversed and Remanded.*

STEVENSON, CIKLIN and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2