NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


THOMAS E. HARMENING and          )
KAREN L. HARMENING,              )
                                 )
          Appellants,            )
                                 )
v.                               )          Case No.   2D14-662
                                 )
BAC HOME LOANS SERVICING, L.P.,  )
                                 )
          Appellee.              )
_____)

Opinion filed December 16, 2015.

Appeal from the Circuit Court for
Manatee County; Thomas M. Gallen,
Senior Judge.

Kimberly L. Sharpe (withdrew after
briefing), and Caitlein J. Jammo of
Johnson, Pope, Bokor, Ruppel &
Burns, LLP, Clearwater, for Appellants.

Kimberly Hopkins and Ronald M.
Gache of Shapiro, Fishman & Gache,
LLP, Tampa, for Appellee.


KELLY, Judge.


        Thomas and Karen Harmening appeal from the final judgment of

foreclosure rendered in favor of BAC Home Loans Servicing (BAC) and from the orders

denying their motions for rehearing and to vacate the final judgment.  Because the

Harmenings were not properly noticed in this proceeding, we reverse and remand for a new trial.

The Harmenings were originally represented by Douglas E. Polk in this foreclosure action. Mr. Polk was served with a September 10, 2012, order setting a case management conference for November 26, 2012, and a December 5, 2012, order setting the date for trial on January 7, 2013. Attorney Kimberly L. Sharpe appeared at the case management conference on November 26 and informed BAC and the court that she was taking over representation of the Harmenings. The trial court approved a stipulation for substitution of counsel on December 6, 2012. However, even after the substitution of counsel, BAC continued to serve Mr. Polk with documents in preparation for trial, including the plaintiff's witness list, the plaintiff's exhibit list, and an amended affidavit of costs.

Neither the Harmenings nor Ms. Sharpe appeared for trial on January 7, 2013. Consequently, the trial court entered final judgment in favor of BAC. The final judgment of foreclosure was served upon Mr. Polk, which he apparently did not receive because he had left the law firm where it was delivered. Shortly thereafter, Mr. Harmening learned of the pending foreclosure sale of his home and notified Ms. Sharpe, who promptly took action to set aside the final judgment. In the motion to vacate the final judgment, Ms. Sharpe argued that Florida Rule of Civil Procedure 1.500(e) allows a final judgment to be entered after a party has been defaulted and that the Harmenings had not been defaulted at the time the final judgment was entered. She explained that a motion for judicial default was pending and therefore she expected the motion to be ruled on before any other action would be taken in the case. Not

having received BAC's filings in preparation for trial, she was unaware that the trial was going forward.

We agree with the Harmenings' argument on appeal that the trial court should have vacated the final judgment because neither the Harmenings nor their counsel were properly noticed of trial. The pending motion for judicial default and the lack of communication from BAC led Ms. Sharpe, the attorney of record, to reasonably believe that the case was not yet at issue. See Fla. R. Civ. P. 1.440(a) ("An action is at issue after any motions directed to the last pleading served have been disposed of."); Ocean Bank v. Garcia-Villalta, 141 So. 3d 256, 257-58 (Fla. 3d DCA 2014) (holding that the case was not properly at issue because the trial court had not ruled on a pending motion for default). Because the lack of proper notice deprived the Harmenings of due process, we vacate the final judgment and remand the cause for a new trial. See Brown v. Reynolds, 872 So. 2d 290, 297 (Fla. 2d DCA 2004) (holding that the failure to comply with the notice requirements of rule 1.440 denied the party procedural due process).

Reversed and remanded.


WALLACE and KHOUZAM, JJ., Concur.