DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK REILLY,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION,** as Trustee for JP Morgan Trust
2007-S1,
Appellee.

No. 4D14-867

[February 3, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Senior Judge; L.T. Case No. CACE13011685.

Kenneth Eric Trent, Fort Lauderdale, for appellant.

Elliot B. Kula and W. Aaron Daniel of Kula & Associates, P.A., Miami, for appellee.

PER CURIAM.

Appellant Frank Reilly appeals a final judgment of foreclosure, arguing that the trial court erred by proceeding to trial where the case was not yet at issue.[1]  We agree and reverse.

Mr. Reilly and Mynabel Roche, who were married at the time, executed a promissory note and a mortgage.[2]  After they failed to make payments, U.S. Bank brought a foreclosure action.  U.S. Bank was able to personally serve Ms. Roche with the complaint.  It was unable, however, to personally serve Mr. Reilly, and claimed that he was avoiding service.  U.S. Bank therefore sought to proceed with notice by publication.

---

[1] Insofar as Mr. Reilly raises additional arguments, we decline to address them here.

[2] Mr. Reilly and Ms. Roche were no longer married when U.S. Bank initiated this case.

Notice regarding the foreclosure action was published on December 3 and 10, 2013. Also on December 3, the court set the case for trial after receiving an answer from Ms. Roche (but not Mr. Reilly).

On January 2, 2014, Mr. Reilly moved for an extension of time to respond to the complaint. This was Mr. Reilly's only filing. The trial court did not rule on his request, but proceeded to trial on January 30, 2014. Neither Mr. Reilly nor Ms. Roche attended. The trial court subsequently entered a final judgment of foreclosure in favor of U.S. Bank.

Florida Rule of Civil Procedure 1.440 provides that a case may be set for trial when it is "at issue." First, however, "[a]n answer must be served by or a default entered against all defending parties before the action is at issue." *Ocean Bank v. Garcia-Villalta*, 141 So. 3d 256, 258 (Fla. 3d DCA 2014) (quoting *Bennett v. Cont'l Chems., Inc.*, 492 So. 2d 724, 727 n.1 (Fla. 1st DCA 1986)). Thus, where a defendant has not yet answered the complaint, and the plaintiff has failed to obtain a default, the action is not yet at issue. *U.S. Bank Nat'l Ass'n v. Croteau*, 40 Fla. L. Weekly D1237 (Fla. 4th DCA May 27, 2015).

U.S. Bank did not obtain a default against Mr. Reilly. Nor did Mr. Reilly file an answer. Therefore, the action was not at issue, either when the trial court set the trial date or when the trial itself was held. This is reversible error. *See Tucker v. Bank of N.Y. Mellon*, 175 So. 3d 305, 306 (Fla. 3d DCA 2014). Accordingly, we reverse the final judgment of foreclosure as to Mr. Reilly and remand to the trial court for further proceedings consistent with the foregoing.

This reversal does not affect the final judgment as to Ms. Roche. Additionally, although Mr. Reilly also raises challenges on appeal regarding the sufficiency of the service by publication and the trial court's personal jurisdiction, we decline to rule on these issues. As Mr. Reilly did not raise them before the trial court, he may still argue them on remand.

*Reversed and remanded.*

WARNER, STEVENSON and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**